## ZELLA DUDLEY v. WABASH RAILROAD COMPANY, Appellant.

**In Banc, December 16, 1911.**

1. **PRACTICE: Constitutional Question: Plea in Abatement.** A constitutional question may be raised in a plea in abatement as well as in a plea in bar. When such a question is pleaded in the answer as matter in abatement, it must be tried first, and disposed of before the cause is tried on the merits.

2. ————: ————: **Appointment of Next Friend: Raised too Late.** Where the clerk appointed a next friend for plaintiff on the day the suit was filed in vacation, and at the next term the case went to trial, and after all the evidence was in, defendant asked and obtained leave to file an amended answer to conform to the proof, and in that answer for the first time, by its plea in abatement, raised the issue that the statute which authorized the clerk to appoint a next friend for a minor plaintiff was unconstitutional, since that was a judicial matter, the question was raised too late to give the Supreme Court jurisdiction of the appeal on the ground that a constitutional question is involved. The question should have been earlier lodged in the case—either by a special demurrer, or by a special denial in the nature of a plea in abatement in the first answer filed by defendant. The fact that a next friend had been appointed by the clerk was a matter of record, and defendant is presumed to have known that fact before it filed any plea.

    *Held*, by GRAVES, J., dissenting, that the constitutional question was timely raised.

### On motion to set aside Order of Transfer.

MOTION OVERRULED.

VALLIANT, C. J.—On appellant's motion to set aside the order transferring this cause to the St. Louis Court of Appeals. Plaintiff obtained a judgment for $5000 against defendant, the cause came to this court by appeal, and it was by order of this court transferred to the St. Louis Court of Appeals on the ground that the amount in dispute was not sufficient to bring it within the jurisdiction of this court. Appellant now

moves to vacate that order and in support of the motion says that a constitutional question is involved and that it was timely raised in the trial court. It appears from the record that the plaintiff, being an infant, sued by her next friend, and that the next friend was appointed by the clerk of the circuit court in vacation. Appellant's point is that the statute authorizing the clerk of the circuit court to appoint a next friend for an infant is unconstitutional because it is a judicial act and can be exercised only by a court.

The statute authorizing the judge or clerk in vacation to appoint a next friend for an infant has been on our books for more than seventy years and this is the first time its validity has ever been questioned, and in this case the question was not raised until the trial had progressed to the close of all the evidence and the cause was about to be submitted to the jury.

The appointment of the next friend was made August 20, 1909, and the suit filed that day; at the September term, 1909, defendant filed its answer, but said nothing about the Constitution or the statute. The cause was continued to the next term; at that term defendant moved for a continuance, but plaintiff consenting that the statement as to the testimony of the absent witness be read in evidence, the application for a continuance was overruled. Then the defendant moved the court to require the plaintiff to submit to the physical examination by a surgeon to be appointed by the court, which motion was sustained and a surgeon was appointed. Then both sides announced ready and the trial began; not being finished that day it was carried over and progressed during the second day, and not being finished it was carried over to the third day, and then after all the evidence was in defendant asked leave to file an amended answer "to conform to the proof," and in that answer for the first time defendant challenged the validity of the statute. The only thing new in the amended answer was the plea

that this statute, authorizing the clerk to appoint a next friend, was unconstitutional. It has been held that an amendment may be made after the close of the evidence "to conform to the proof." [Baltis v. Friend, 90 Mo. App. 408.] This amendment was asked and granted on that ground, "to conform to the proof." But there was no proof in the case to form a pretext for the amendment, the appointment of the next friend was a part of the record in the case from the beginning. Defendant knew it as well when it filed its first answer as it did after the close of the evidence, knew it as well when it applied for and obtained an order of the court to require the plaintiff to submit to surgical examination. It has been held by this court in a case where an infant sued by next friend that the appointment of the next friend could not be questioned except by a special demurrer or a specific denial in the nature of a plea in abatement. [Baxter v. Transit Co., 198 Mo. 1.] Under our code system a plea in abatement may be contained in the same answer which contains a plea to the merits, but that does not mean that you may first plead to the merits and after you have fought a plaintiff through a trial on the merits you may then amend by adding a plea in abatement. The amended answer in this case specifically denies that the next friend was legally appointed, basing the denial on the ground that the statute is unconstitutional. If that plea should be sustained the effect would be to abate this suit, without passing on its merits. But however that may be this court has always held that when a constitutional question is relied on to give it jurisdiction the question should be raised in the trial court at the first opportunity presented. If it is not raised at the first opportunity it cannot be raised afterwards although attempted in many forms. As the whole record is not here we do not know whether at the close of the plaintiff's evidence the defendant asked an instruction in the nature of a demurrer to the evidence.

But we do know from the partial record before us that the evidence on both sides was all in and the case was ready to go to the jury when this amendment was offered. It should have been presented in the first answer filed by defendant and if it had been so presented the issue so tendered would have been tried by the court before the issues on the merits, and if it had been sustained that would have ended the case. Byler v. Jones, 79 Mo. 261, where it was decided that when matter in abatement is pleaded with matter in bar the abatement must be tried first. A constitutional question may be raised in a plea in abatement as well as in a plea in bar.

It has been held that a constitutional question may be raised for the first time in a motion for new trial, but that is so only when the motion for a new trial affords the first opportunity for raising it. Appellant relies on Bank v. Bennett, 138 Mo. 494, where it is said that the question may be raised for the first time in an amended motion for a new trial, but that can hardly be taken as a point decided, because the court held in that case that the amended motion was not filed in time and for that reason refused to review the action of the trial court overruling the motion. In Logan v. Field, 192 Mo. 66, to which appellant also refers, the point was raised for the first time in the motion for a new trial; but in that case the verdict was returned by only nine of the jurors, and the point raised was that the verdict of less than twelve was unconstitutional; the question could not have been raised until the verdict was rendered. In Hartzler v. Railroad, 218 Mo. 562, the defendant attempted to raise a constitutional question in its motion for a new trial, but this court through LAMM, J., said: ''The motion for a new trial was not the first door open for the question to enter and in our later decisions we have ruled that a question of such gravity must be raised as soon as orderly procedure will allow.'' In Hanks

v. Hanks, 218 Mo. 670, it was held that a constitutional question was timely raised in the plaintiff's reply, but the decision was based on the fact that the question could not have been raised earlier; the court per GRAVES, J., said: "The invalidity of this Iowa decree could not have been raised earlier than in the reply, for it appears for the first time in the answer."

In the case at bar the record showed the defendant on its first page that the plaintiff was suing by a next friend appointed by the clerk, and if defendant doubted the authority of the clerk to make the appointment or the validity of the statute giving him that authority it should have raised that question then. The motion to vacate the order transferring the cause is overruled.

*Woodson, Ferriss, Kennish* and *Brown, JJ.,* concur; *Lamm* and *Graves, JJ.,* dissent in opinion by *Graves, J.*

## DISSENTING OPINION.

GRAVES, J.—I doubt somewhat whether there is merit in the constitutional question suggested in this record, but there may be, and such merit might appear upon an investigation of the question. But be that as it may, I do not concur in the opinion overruling the motion to vacate our order sending this case to the Court of Appeals. The constitutional question is lodged in the record. Such question is both new and novel. If it was ever here before, such fact has escaped my notice. With a live constitutional question in the record, the jurisdiction is in this court. I do not agree to the proposition that it was not timely raised. For these reasons I dissent from the opinion of the majority. *Lamm, J.,* concurs in these views.