## HENDRY *v.* THE STATE.

1. There was evidence to support the verdict of guilty.

2. The act of the legislature approved November 18, 1915, in reference to intoxicating liquors (Georgia Laws, Ex. Sess. 1915, p. 90), makes it illegal for individuals, although they are not carriers for hire, to ship or transport the prohibited liquors therein specified in quantities in excess of that allowed by law from another State into the State of Georgia.

3. The court below did not err in charging the jury that "no person in Georgia has the right now, under the law, to ship into this State any

intoxicating liquors whatever for illegal sale, and if any person does so he violates the law."

4. Nor did the court err in charging the jury that "it is a violation of the law for any person to have in his possession, in this State, at any one time within a period of thirty days, more than two quarts of intoxicating liquors, or more than 48 pints of beer or malt, or more than one gallon of wine; and if any person has any more than that amount in their possession, the law presumes that they are having it and holding it for illegal sale, and the burden would be on the party found with such property in his possession to establish his innocence." The portion of the charge here excepted to states in substance one of the provisions of section 17 of the act referred to above.

5. The court properly instructed the jury that "if you find that the defendant delivered this trunk, knowing its contents to be more than two quarts of spirituous and intoxicating liquors, to a railroad company in the State of Florida, with the intention that it should be shipped and transported by such carrier to Waycross in Ware County, Georgia, and had it consigned to himself as consignee, that delivery to such railroad company, or other carrier, in Florida, would be delivery to him, and possession of such railroad company would be the possession of the defendant. You look to the evidence and see what the truth is." This charge states a pertinent principle of law, and does not contain an expression of opinion by the court upon the facts of the case.

6. The court below did not err in instructing the jury, in substance, that if the defendant concealed the nature of the contents of the trunk from the railroad authorities, and they were unaware of the nature of the contents of the trunk, and under those circumstances the railroad company transported it for the defendant, their act in thus transporting the trunk would be the act of the defendant.

7. The court did not err in refusing to charge the jury, that, "before you would be authorized to convict the defendant, it would have to be shown by competent evidence that the trunk alleged to have contained whisky was in the actual possession or control of the defendant;" inasmuch as the jury might have been led to believe by such instruction that possession by the agents of the railroad company, at the time the trunk was being transported in compliance with their duty to transport the same as baggage, was not the kind of possession or control which it was necessary to show in order to authorize the verdict of guilty.

8. A question as to the constitutionality of a law can not be raised for the first time in a motion for a new trial, where it was not made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial. ATKINSON, J., dissents from this ruling.

No. 171. AUGUST 31, 1917.

Accusation of misdemeanor. Before Judge McDonald. City court of Waycross. September 5, 1916.

*C. L. Redding* and *J. L. Crawley*, for plaintiff in error.

*A. B. Spence, solicitor,* and *D. J. Lewis,* contra.

BECK, J.  C. J. Hendry was tried in the city court of Waycross upon an accusation charging him with the offense of a misdemeanor.  In the first count it is charged that on the 10th day of June, 1916, he did have in possession more than two quarts of spirituous liquors; in the second count it is charged that on the day alleged he kept for sale certain spirituous liquors; and in the third count it is charged that on the day stated he did, "in violation of the prohibition act of Georgia, approved on the 18th day of November, 1915, ship and transport from Jacksonville, State of Florida, into the State of Georgia and County of Ware more than two quarts of spirituous liquors and intoxicating liquors within thirty consecutive days, with intent to receive, possess, and have for sale said spirituous and intoxicating liquors, contrary to the laws of said State," etc.  Upon the trial the jury returned a verdict of guilty on the third count, acquitting the defendant on the first two counts.  Whereupon, after sentence, the defendant made a motion for a new trial containing numerous grounds, and among them is one which attacks as unconstitutional certain provisions of the statute upon which the accusation is based.  The original motion for a new trial contained the general grounds, and the first eight grounds of the amended motion relate also to the alleged lack of evidence in material particulars to authorize the verdict.

1.  An examination of the evidence will show that there is no merit in the contention of the plaintiff in error that the evidence did not authorize the verdict.  The evidence for the State tending to show that he was guilty of the act charged may be summarized briefly as follows:  On the 10th day of June, 1916, being then in Waycross, Ware County, he checked a trunk from Waycross to Jacksonville, Florida; he received his check and signed a statement as to the valuation of the trunk and its contents.  On a train arriving at Waycross from Jacksonville at about 10 o'clock p. m. on the same day, he arrived at Waycross, and a trunk identified by an agent of the railroad company as the same trunk was brought on the same train with defendant.  The trunk was taken possesion of by the police officers in Waycross, and the defendant was also arrested, that night.  He declared, at the time of his arrest, that he did not have a check for the trunk; and the officer who made the arrest did not search him for the check.  There was evidence tending to show that a valuation slip for the same trunk was signed

by the defendant when it was returned from Jacksonville to Way-cross. In the trunk was a vessel containing about sixteen gallons of whisky. The defendant himself explained the possession of the trunk on the morning of June 10, by stating that in the preceding April he had loaned $20 to one Paxton; that Paxton had left the trunk with him; that he did not know the contents thereof; that Paxton had written to him, requesting him to send the trunk to Jacksonville, and stating that Paxton would remit the money, but, as defendant was going down to Jacksonville at or about that time, he checked the trunk to Jacksonville; that while in Jackson-ville he had a conversation with an acquaintance named Dinkins, in reference to the trunk and his claim upon Paxton; that Paxton paid $10 on the debt due the defendant, and was to pay the balance in the afternoon before defendant left on his return to Waycross, but failed to pay the balance, and defendant checked the trunk to Waycross, but left the check with Dinkins to be turned over to Paxton upon the payment of the balance. On the 12th of June a service telegram was sent by the railroad agent at Jacksonville to the railroad agent at Waycross, directing the latter to send the trunk to a named point in Florida. It also appeared that at the time of the signing of the valuation slip at Jacksonville, its num-ber, which was 671,083, had not been entered upon it. Under this statement of the evidence, no argument is necessary to show that the question of the transportation, ownership, and possession of the trunk in which was placed the keg containing the prohibited liq-uor was one for the jury, and they were authorized to find that the defendant illegally shipped and transported the whisky into Geor-gia.

2. In section 1 of the act of the legislature in reference to in-toxicating liquors, approved November 18, 1915 (Georgia Laws, Extraordinary Session 1915, p. 91), it is made unlawful "for any railroad company, express company, or other common carrier, or any officer, agent, or employee thereof, or any other person or cor-poration, to ship or to transport into or deliver in this State, in any manner or by any means whatsoever, any spirituous . . or other intoxicating liquors of any kind from any other State," etc., where the liquors so shipped or transported are intended by the person interested therein to be received, possessed, or sold in vio-lation of the laws of this State. Under the provisions of that por-

tion of the act just quoted, it was a misdemeanor for the accused in this case to ship and transport the trunk in question. And the contention that the act prohibiting the shipping and transporting of the prohibited liquors relates to carriers for hire, and not to individuals who do not engage in the business of carrier, is without merit.

3. Error is assigned upon the following charge of the court: "The court charges you, gentlemen of the jury, that no person in Georgia has the right now, under the law, to ship into this State any intoxicating liquors whatever for illegal sale, and if any person does so he violates the law." This charge was not erroneous on the ground that it contains an expression of opinion that the defendant did ship into the State intoxicating liquors for illegal sale; and it states a correct proposition of law.

4. Error is assigned also upon the following charge of the court: "The court charges you that it is a violation of the law for any person to have in his possession, in this State, at any one time within a period of thirty days, more than two quarts of intoxicating liquors, or more than 48 pints of beer or malt, or more than one gallon of wine; and if any person has any more than that amount in their possession, the law presumes that they are having it and holding it for illegal sale, and the burden would be on the party found with such property in his possession to establish his innocence." This charge does not offend the inhibition against the expression of an opinion by the trial court upon the facts of the case, and it states a correct proposition of law applicable to the case on trial.

5-7. It is not necessary to elaborate on the rulings made in headnotes 5, 6, and 7.

8. Another ground of the motion for a new trial raises the constitutional point that the body of the act approved November 18, 1915, supra, contains matter different from what is expressed in the title thereof, in that section 1 of the act declares "that it shall be unlawful for any railroad company, express company, or other common carrier, or any officer, agent, or employee thereof, or any other person or corporation, to ship or to transport into or to deliver in this State . . intoxicating liquors;" whereas the title of the act inhibiting shipments refers only to "common carriers and their agents." This assignment of error does not raise

any question for decision here. This point was not made pending the trial, either by objections to evidence or by demurrer to the accusation; and it was too late to raise such a constitutional question for the first time by a motion for a new trial after verdict.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents from the ruling stated in the eighth division of the decision.*