### HAWES v. THE STATE.

1. Within proper limitations the legislature may enact that when specified facts have been proved they shall be prima facie evidence of the guilt of the accused or of some other named fact essential to the proof of the crime charged. And the provision in section 22 of the act of the legislature passed at the extraordinary session of 1917 and approved March 28, 1917 (Act Ex. Sess. 1917, p. 7), which declares that when certain specified apparatus is found upon the premises of one accused of violating the statute it shall be prima facie evidence that the person in actual possession of the premises referred to had knowledge of the existence of the apparatus on the premises, does not render section 22 of the act referred to violative of the due-process-of-law clause of the Federal or the State constitution.

2. The evidence authorized the verdict.

No. 1628. APRIL 14, 1920. REHEARING DENIED MAY 18, 1920.

Indictment for violating liquor law. Before Judge Walker. Lincoln superior court. May 7, 1919.

*Colley & Colley,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

BECK, P. J. The accused was indicted for the offense of knowingly permitting certain persons to locate and have on his premises certain apparatus for distilling and manufacturing prohibited liquors and beverages. Upon the trial the jury returned a verdict of guilty. The accused made a motion for a new trial, which was overruled, and he excepted.

1. The motion for a new trial contains the usual general grounds, and the further ground that a specified portion of the

court's charge was authorized only by the statute contained in section 22 of the act to amend and supplement the prohibition laws of this State, passed at the extraordinary session of the legislature in 1917 and approved March 28, 1917 (Act Ex. Sess. 1917, p. 7), and the validity of section 22 of the statute referred to is challenged on the ground that it is unconstitutional and violates the due-process-of-law clause of the Federal and State constitutions, in that it places upon the defendant charged in the indictment with the violation of this section the burden of "showing the want of knowledge of the existence of the apparatus on his premises, and in fine his innocence of the crime with which he is charged; movant claiming that this was an unreasonable and arbitrary exercise of its power by the legislature of the State of Georgia." It was competent for the General Assembly, in enacting the law in question, to make the enumerated facts prima facie evidence of the defendant's knowledge of the existence of the prohibited apparatus upon his premises. This was not an unwarranted or arbitrary power; and the application of the rule of evidence declared in the statute to appropriate evidence in an appropriate way by the court upon the trial of the case did not violate the constitutional guaranties that no one shall be deprived of his liberty or property without due process of law — a guaranty contained in both the Federal and State constitutions. In the case of *Kunsberg* v. *State,* 147 *Ga.* 591 (95 S. E. 12), it was said: "With certain limitations, the legislature may enact that when specified facts have been proved, they shall . . be prima facie evidence of the guilt of the accused, and shift the burden of proof." This was a restatement of the ruling made in *Griffin* v. *State,* 142 *Ga.* 636 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80). In the latter case it was said: "With certain limitations, the legislature may enact that when specified facts have been proved, they shall, even in a criminal case, be prima facie evidence of the guilt of the accused, and shift the burden of proof. On this power there are limitations, the principal one of which is that the fact or facts which will raise the presumption and shift the burden of proof must have some fair relation to, or material connection with, the main fact as to which the presumption is raised. The inference or presumption from the facts proved must not be merely arbitrary, or wholly unreason-

able, unnatural, or extraordinary, but must bear some reasonable relation to the facts proved. . . If the legislature should declare that one found in possession of stolen goods shortly after a larceny should be prima facie presumed to be the thief, and that the burden of rebutting the presumption should rest on him, this would be valid, the presumption not being purely arbitrary, but there being a reasonable connection between the possession of the stolen goods and the commission of the larceny. Moreover, the presumption so raised must not be final, but the accused must be allowed a fair opportunity to make his defense and show all of the facts bearing on the issue, and to have the whole case submitted to the jury for decision, after considering all of the evidence as well as the prima facie presumption, if the facts from which it arises have been proved to exist." The facts which raised the presumption and shifted the burden of proof as to the main fact under the indictment in the present case evidently have a fair relation to, and a material connection with, the main fact as to which the presumption is raised. Clearly the existence upon the lands of another, which he occupies either as tenant or as owner thereof, of distilling apparatus consisting of the still itself, boxes and barrels, has a clear, natural relation to another named fact necessary to the establishment of the defendant's guilt, — that is, that the owner of the land has knowledge of the existence of such objects upon his land. Further discussion of the question raised by this attack upon the constitutionality of the law in question is unnecessary, as it has been considered in sev eral cases decided by this court. See cases cited in the opinion in the *Griffin* case, supra. ‸

2. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*