*R. W. Ware,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

---

### 12651.    McCLELLAND *v.* THE STATE.

BROYLES, C. J.  1.  A constitutional question cannot be raised for the first time in a motion for a new trial.  It must be raised in some way pending the trial.  *Hendry* v. *State,* 147 *Ga.* 260 (8) (93 S. E. 413). In the instant case a ground of the motion for a new trial is as follows: "Because the court erred, after the jury was impaneled, over the express objection of the defendant, ordered [in ordering] that 'everybody be excluded from the gallery and all minors and women from the court-room;' which order was obeyed and the parties referred to were excluded from the court-room.  This action of the court violated the defendant's constitutional right to have a public trial, as provided by article 1, sec. 1, par. 5 (Civil Code, 1910, section 5702 [6361] ), of the constitution of the State of Georgia."  It does not appear from this ground what objection was made to the order of the court at the time it was given, or that the point that the order was a violation of the

defendant's constitutional right to have a public trial was made pending the trial. It follows from the ruling in *Hendry* v. *State*, supra, that the constitutional question was raised too late and .cannot be considered by this court.

2. Portions of the evidence objected to in ground 2 of the amendment to the motion for a new trial were clearly admissible. Conceding that other portions were inadmissible, the objection was to the evidence as a whole, and it was not error to overrule the objection. *Spence* v. *State*, 20 *Ga. App.* 61 (19) (92 S. E. 555).

3. The admission of evidence as complained of in the 3d and 4th grounds, respectively, of the amendment to the motion for a new trial was not error, as this evidence tended to corroborate the testimony of the prosecutrix in the case, and was not inadmissible for any reason assigned. At most it could only be said that its admissibility was doubtful, " and it has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." *Goodman* v. *State*, 122 *Ga.* 111, 118 (49 S. E. 922).

4. Ground 5 assigns error upon the failure of the judge to declare a mistrial upon motion of counsel for the accused, made on account of an alleged improper remark by the solicitor-general in his concluding argument to the jury. This ground shows that when counsel made his motion for a mistrial the court stated that the remark was improper and that the solicitor-general withdrew it and requested the jury not to consider it. It appears from the note of the trial judge, qualifying his approval of this ground, that when counsel moved for the mistrial, the solicitor-general replied, ." If my friend thinks it injurious, I will withdraw the remark," and that counsel for the accused immediately replied, " I insist on it." It is apparent, from the note of the judge, that he thought from this last statement of counsel that he was insisting that the improper remark be withdrawn, and not that counsel was still insisting upon his demand for a mistrial. Under these circumstances the ground of the motion for a new trial raises no question for the consideration of this court.

5. In his concluding argument the solicitor-general stated that he did not believe that the statement of the defendant was true " in the heart of hearts," and that the defendant " knew it was not true." Counsel for the accused moved for a mistrial on account of these remarks, whereupon the solicitor-general withdrew his remarks, and the court instructed the jury not to consider them. Conceding that this was error, it was not error requiring a new trial of the case, in view of the fact that the solicitor-general promptly withdrew the remarks and the court instructed the jury not to consider them, and in view of the further fact that the evidence and the defendant's statement made out an exceedingly strong and damaging case against the defendant, and that they amply authorized, if they did not demand, his conviction of the offense charged.

6. The alleged newly discovered evidence is merely cumulative and impeaching, and is not of such character as would probably cause a different verdict to be returned upon another trial of the case. Moreover, the alleged newly discovered evidence was that of witnesses, and the supporting affidavits as to their character, etc., fail to show the residences of the witnesses, as required by section 6086 of the Civil Code of 1910.

7. The evidence amply authorized, if it did not demand, the conviction of the defendant, and the court did not err in overruling the motion for a new trial.

    *Judgment affirmed. Bloodworth, J., concurs.   Luke, J., dissents.*
                        DECIDED DECEMBER 14, 1921.

Conviction of assault with intent to rape; from Muscogee superior court — Judge Munro.   June 11, 1921.

*George C. Palmer, T. Hicks Fort,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

LUKE, J., dissenting.   I do not agree to the rulings announced in headnotes 2 and 3 of the majority opinion.   I think, under all the circumstances of this case as presented in the motion for a new trial, together with the newly discovered evidence, that a new trial should be granted.   The motions to declare a mistrial because of the remarks of the solicitor-general in his concluding argument impress the writer with the conviction that the improper remarks of the solicitor-general strongly prejudiced the defendant's case.   To my mind this is true where the record shows that the solicitor-general himself was so impressed with the arguments objected to that he withdrew them.   Argument of this character may so indelibly leave its imprint on the minds of the jury that the mere withdrawal of the statement will not erase it, and indeed the judge may not be able to so instruct the jury as to relieve the situation of prejudice.