WESTERN & ATLANTIC RAILROAD *v.* HENDERSON *et al.*

No. 6022.   September 15, 1928.

*Tye, Peeples & Tye, Maddox, Maddox & Mitchell, Neel & Neel,* and *Fitzgerald Hall,* for plaintiff in error.

*William E. & Gordon Mann* and *J. A. McFarland,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) ▮ This application for certiorari was granted by the court for the purpose of considering the question raised as to the constitutionality of section 2780 of the Code (1910). Is section 2780 unconstitutional as being in contravention of the fourteenth amendment to the constitution of the United States?

We pretermit any discussion of the motion to dismiss the petition for certiorari, because a majority of the court granted the writ solely for the purposes stated, and the motion to dismiss is overruled. Another and a very serious question would be presented if the motion to dismiss had been based upon a different ground. If the question whether this court has jurisdiction to consider upon certiorari the constitutionality of a statute (a question which the Court of Appeals has no jurisdiction to adjudicate) had been raised in the motion to dismiss, there would have been, as we have just stated, an entirely different question before us. We do not at this time decide whether the Court of Appeals should properly have transferred this case to the Supreme Court because it involved the constitutionality of a statute, or whether they should have certified requests for instructions on the constitutional question involved in the case. Nor do we at this time decide the question upon which the Court of Appeals did rule in the first headnote of their decision, to wit, that a question as to the constitutionality of a statute can not be raised for the first time in a motion for new trial. Upon this subject the court is divided in opinion.

▮ We are all agreed that section 2780 of the Code of 1910 is not unconstitutional for any reason assigned in the present petition for certiorari. Numerous decisions of this court might be cited to sustain this proposition. It has been often held by the

▮

Supreme Court of the United States that the creation of a rule of evidence, whereby the existence of essential facts in the case may be inferred from the proof of other facts or circumstances which have a natural and rational connection with the subject-matter, and the adoption of such a rule of evidence relating to the quantum of proof required in a State court, is not violative of due process as guaranteed by the fourteenth amendment to the constitution of the United States. In the comparatively recent decision of the Supreme Court of the United States in Hawes *v.* Georgia, 258 U. S. 1 (42 Sup. Ct. 204, 66 L. ed. 431), a writ of error to this court, it was ruled: "A State law providing that a person prosecuted for permitting apparatus for distilling intoxicating liquors to be upon real estate actually occupied by him shall be prima facie presumed to have known of the presence of such apparatus there found, does not violate due process of law, even where the defendant is not allowed to testify under oath or to have the testimony of his wife." This seems to bear directly on the point. In this case Mr. Justice McKenna, speaking for the court, said: "The act of the State upon which the indictment was based [Acts Ex. Sess. 1917, p. 7] made it unlawful, among other things, ' to distill, manufacture, or make any alcoholic, spirituous, vinous, or malted liquors or intoxicating beverages ' in the State. Section 22 of the act provides that when any apparatus used for such purposes ' is found or discovered upon said premises, the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and, on conviction therefor, shall be punished as prescribed in section 16 of this act, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises. '

"The trial court instructed the jury that Hawes was charged with knowing who had the apparatus upon the premises of which he was in possession or who operated it, and that under the act the burden was upon him to show the want of knowledge. And further, that all that the State had to show was that the apparatus was on the premises, and ' when the State shows that, stopping there, that makes out a prima facie case against defendant, and you should find the defendant guilty as charged in the indictment, ' unless he show that the apparatus was there without his consent

and knowledge. The charge was made the basis of a motion for new trial on the ground that it was offensive to the due-process clause of the constitution of the United States and also of the constitution of Georgia. The same grounds were assigned in the Supreme Court of Georgia on appeal from the order and judgment denying the motion for new trial. In the Supreme Court the specific error against the charge of the court was that it cast upon Hawes the burden of 'showing the want of knowledge of the existence of the apparatus on his premises, and in fine his innocence of the crime with which he is charged,' he 'claiming that this was an unreasonable and arbitrary exercise of its power by the legislature of the State of Georgia.' And this is the assignment here, in other words, that § 22 creates a presumption of guilty knowledge from the finding of the apparatus upon premises occupied by him, and that both the trial court and the Supreme Court of Georgia enforced this statutory presumption, and the same, therefore, entered into his conviction, and that the fourteenth amendment to the constitution of the United States was thereby violated. In aid of his contention and in emphasis of the effect of the statute against him, Hawes points out that a defendant in a criminal case is not allowed to testify as a witness, that he has only the right to make a statement not under oath, and that husband and wife are not competent or compellable to give evidence in any criminal proceeding for or against each other.

"It has been decided, as counsel concede, that the legislature may make one fact prima facie evidence of another, and it is certainly within the established power of a State to prescribe the evidence which is to be received in the courts of its own government. Adams *v.* New York, 192 U. S. 585, 588 [24 Sup. Ct. 372, 48 L. ed. 575]. In Hawkins *v.* Bleakly, 243 U. S. 210, 214 [37 Sup. Ct. 255, 61 L. ed. 678, Ann. Cas. 1917D, 637], it is said, 'the establishment of presumptions, and of rules respecting the burden of proof, is clearly within the domain of the State governments, and that a provision of this character, not unreasonable in itself and not conclusive of the rights of the party, does not constitute a denial of due process of law. Mobile, Jackson, and Kansas City R. R. Co. *v.* Turnipseed, 219 U. S. 35, 42 [31 Sup. Ct. 136 55 L. ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463].' Undoubtedly there must be a relation between the two

facts. Bailey *v.* Alabama, 219 U. S. 219 [31 Sup. Ct. 145, 55 L. ed. 191]; McFarland *v.* American Sugar Refining Co., 241 U. S. 79 [36 Sup. Ct. 498, 60 L. ed. 899]. That is, if one may evidence the other, there must be connection between them, a requirement that reasoning insists on and, necessarily, the law. We think the condition is satisfied by the Georgia statute. Distilling spirits is not an ordinary incident of a farm and in a prohibition State has illicit character and purpose, and certainly is not so silent and obscure in use that one who rented a farm upon which it was or had been conducted would probably be ignorant of it. On the contrary, it may be presumed that one on such a farm or one who occupies it will know what there is upon it. It is not arbitrary for the State to act upon the presumption and erect it into evidence of knowledge; not peremptory, of course, but subject to explanation, and affording the means of explanation. Hawes had such means. An explanatory statement was open to him with a detail of the circumstances of his acquisition of the place, and he availed himself of it. He could have called others to testify to the circumstances of his acquisition, for the circumstances were not so isolated or secret as not to have been known to others. We agree, therefore, with the Supreme Court of the State that the existence upon land of distilling apparatus, consisting of the still itself, boxes and barrels, has a natural relation to the fact that the occupant of the land has knowledge of the existence of such objects and their situation."

Another leading case is that of Mobile &c. R. *v.* Turnipseed, 219 U. S. 35 (supra), in which Mr. Justice Lurton delivered the opinion of the highest court. In that case it was insisted that sections 3559 and 1985 of the Mississippi Code were repugnant to that clause of the fourteenth amendment to the constitution which guarantees to every person the equal protection of the laws. In dealing with the constitutionality of section 1985 of the Mississippi Code of 1906, the court said: "The objection made to this statute is that the railroad companies are thereby put into a class to themselves and deprived of the benefit of the general rule of law which places upon one who sues in tort the burden of not only proving an injury, but also that the injury was the consequence of some negligence in respect of a duty owed to the plaintiff." This section of the Mississippi Code (§ 1985) is as fol-

lows: "Injury to Persons or Property by Railroads prima facie Evidence of Want of Skill, etc.—In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This section shall also apply to passengers and employees of railroad companies." It will be noted that section 2780 of our Code, supra, lays down substantially the same rule of evidence as section 1985 of the Code of Mississippi. Its language is as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." As said by the Supreme Court of the United States in the Turnipseed case, supra: "It is to be primarily observed that the statute is not made applicable to all actions against such companies. Its operation is plainly limited, first, to injuries sustained by passengers or employees of such companies; second, to injuries arising from the actual operation of railway trains or engines; and third, the effect of evidence showing an injury due to the operation of trains or engines is only 'prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury.' The law of evidence is full of presumptions either of fact or law. The former are, of course, disputable, and the strength of any inference of one fact from proof of another depends upon the generality of the experience upon which it is founded. For a discussion of some common-law aspects of the subject see Cincinnati &c. Ry. v. South Fork Coal Co., 139 Fed. Rep. 528 [1 L. R. A. (N. S.) 533] et seq. Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, National and State, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous. A few of the leading ones are Adams

38

*v.* New York, 192 U. S. 585 [24 Sup. Ct. 372, 48 L. ed. 575]; People *v.* Cannon, 139 N. Y. 32 [34 N. E. 759, 36 Am. St. R. 668]; Horne *v.* Memphis &c. Ry., 1 Coldwell (Tenn.), 72; Meadowcroft *v.* The People, 163 Illinois, 56 [45 N. E. 991, 35 L. R. A. 176, 54 Am. St. R. 447]; Commonwealth *v.* Williams, 6 Gray, 1; State *v.* Thomas, 144 Alabama, 77 [40 So. 271, 2 L. R. A. (N. S.) 1011, 113 Am. St. R. 17, 6 Ann. Cas. 744]."

We are of the opinion that the Court of Appeals did not err in affirming the judgment of the trial court.

*Judgment affirmed.  All the Justices concur.*