BANK OF LUMPKIN *et al.* *v.* FARMERS STATE BANK *et al.; et vice versa.*

Nos. 6447, 6514.  JANUARY 17, 1929.
REHEARING DENIED FEBRUARY 18, 1929.

774

G. Y. *Harrell,* R. S. *Wimberly,* and *Linton C. Hopkins,* for plaintiff in error.

W. P. *Wallis* and *Hollis Fort,* contra.

BECK, P. J. (After stating the foregoing facts.)

■ The court did not err in overruling the defendants' 2d, 3d, 4th, and 5th exceptions of law to the auditor's report. The first of these, numbered 2, is as follows: "In the course of his testimony the witness, E. E. Humber, in answer to a question of defendant's counsel, stated, 'I was to wait on the window and do the actual part of the Farmers State Bank's work, while he [referring to Mr. A. T. Fort] looked after the writing of notes, collections, and things like that.' To this latter part of his answer objection was made by defendant's counsel, because it was not responsive to the inquiry made, and about what the witness and Mr. A. T. Fort

agreed to among themselves. This objection is noted at page 19 of the record, and I find that under the trend taken by the testimony as to what this witness did and the time he devoted to the work of the respective banks, the objection should be overruled." The objection to the admission of this evidence was upon the ground that "it shows on its face that it is contrary to law, and that said objection should have been sustained because the answer objected to was not responsive to the question, said answer being given in said finding, and said question as shown on page 18 in the brief of evidence being as follows: Q. I want to know of you, Mr. Humber, during the time that you worked in the Farmers State Bank in April, 1921, to February 1, 1926, how much of your time each day of each day's work per hour, including hours worked and days worked, was allowed [allotted] to the Farmers State Bank about their business and not connected with the affairs of the Bank of Lumpkin and their contract with the Farmers State Bank." The answer was certainly responsive in part. And if the latter part, as the objector very indefinitely defines the part of the answer to which he expressly objected, is not responsive, it is not of such materiality as to cause a reversal.

The next exception was to the admission of the following testimony: "Mr. Humber was further asked as to his knowledge of the assets of the Farmers State Bank at the time of this transaction, to which objection was made by defendant's counsel upon the ground that the evidence sought was immaterial and irrelevant. This objection is noted on page 30 of the record. The witness was then on cross-examination; and under explanation by plaintiff's counsel as to the purpose of this inquiry, I find that the objection should be overruled." This evidence, while not very material, throws some light upon the question as to the necessity of employing extra help to collect the assets of the defendant bank.

The fourth exception relates to the objection made by the defendants to a question and the answer thereto, relative to the salary and number of the employees of the Bank of Lumpkin. We are of the opinion that this evidence was also admissible, and the auditor correctly so held, as it tended to illustrate to a certain extent the necessity of having extra help for the purpose of realizing on the assets turned over by the Bank of Lumpkin to the Farmers State Bank. The objection to the evidence stated in the fifth

exception of law was without merit. The testimony was not entirely immaterial or irrelevant, but might, in the minds of the jury, shed some light upon the intent to charge more than the legal rate of interest, and by indirection collect interest at a usurious rate upon the money loaned.

■ The ruling made in the second headnote needs no elaboration.

■ There are numerous exceptions to the charge of the court as given, and exceptions to the refusal to give in charge the written requests offered by the defendants. The portions of the charge excepted to, and the requests to charge, are set forth in the statement of facts. After examining the portions of the charge excepted to in connection with the entire charge, we are satisfied that the substantial issues in this case were fairly submitted to the jury for their consideration. In the decision rendered by this court when the case was here on a former hearing it was held, in substance, that the issues made by the pleadings were as to whether or not there was, under the terms of the contract and all the circumstances attending the making of this contract, an intention upon the part of the plaintiff, the lender of the money in question here, to exact more than the legal rate of interest, to charge and obtain and collect from the defendants interest at a usurious rate. The substance of the holding in that opinion was that these were questions for the jury to decide, and these questions were submitted to the jury under elaborate instructions, and the jury could not have failed to understand the issues of fact that they were to pass upon. Whether the provisions in the contract in reference to employing extra help and retaining collections in their hands until the aggregate should amount to a specified sum, and the provisions as to the payment of the time certificates,—whether any or all of these provisions constituted a contrivance to exact usury, was a question for the jury; and the charge of the court, including those portions of it which were excepted to, correctly and fully stated the issues. These portions of the charge related to the exceptions of fact filed by the defendants, and the jury found against them, one and all. The requests to charge, where they were legal and pertinent, were sufficiently covered by the general charge, and there was no error in overruling the grounds relative to the charges given and the refusal of the requests.

■ The court gave in charge to the jury that part of section 5141

of the Civil Code which declares that the report of the auditor shall be taken as prima facie correct, and the burden shall be upon the party making the exception, who shall have the right to open and conclude the argument. The instructions in reference to this question are challenged upon the ground that this portion of the section of the Code is in violation of that part of the constitution which provides that the right of trial by jury shall remain inviolate. We do not think there is any merit in this contention. It is a generally recognized principle that within proper constitutional limits the legislature has the power to prescribe rules of evidence and methods of proof; and the legislative declaration that the report of the auditor shall be taken as prima facie correct, even if it is not, strictly speaking, a rule of evidence, is analogous thereto. And for the same reasons which have been assigned in many cases for upholding legislative enactments, declaring that a presumption shall arise upon a certain given statement of facts, this provision should also be upheld. The legislative declaration in the portion of the statute under review merely declares that the report of the auditor shall be taken "as prima facie correct," and places the burden upon the party making the exception. The jury have before them the same evidence that the auditor has, and the burden that is placed upon the exceptor is, after all, to demonstrate that under that evidence a different finding should have been made by the auditor.

The evidence authorized the verdict in favor of the plaintiff, and the court did not err in refusing a new trial.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur, except Russell, C. J., dissenting.*