WESTERN AND ATLANTIC RAILROAD *v.* MICHAEL.

No. 7771.   APRIL 15, 1931.

*Tye, Thomson & Tye, Mitchell & Mitchell, Walton Whitwell, William A. Miller, Fitzgerald Hall,* and *Frank Slemons,* for plaintiff in error.

*J. A. McFarland* and *R. Carter Pittman,* contra.

HILL, J. 1. In answer to the first question as propounded by the Court of Appeals, all of the Justices agree that a constitutional

question is properly and sufficiently raised if considered without reference to the stage of the proceedings at which it was offered. Russell, C. J., and Atkinson and Hines, JJ., are of the opinion that the question was raised at the proper stage of the proceedings to require the reviewing court to consider it on its merits. Beck, P. J., and Hill and Gilbert, JJ., are of the opinion that while standing alone the constitutional question was properly and sufficiently made, it came too late to be considered, it being raised for the first time after verdict and judgment and in the motion for new trial.

2. On the second question the court is equally divided in opinion —Russell, C. J., and Atkinson and Hines, JJ., are of the opinion that this court has jurisdiction of the case, because constitutional questions are made; Beck, P. J., and Hill and Gilbert, JJ., are of the opinion that this court has not jurisdiction, but that the Court of Appeals has jurisdiction, because no constitutional question which can be considered by the court has been raised, the question having been raised for the first time after verdict and judgment and in the motion for new trial.

3. To the third question as amended this court answers that from the facts shown in the question the judge was disqualified.

4. The above sufficiently answers all questions with reference to the disqualification of the trial judge.

GILBERT, J. 1. The answer to the first question should be that a constitutional question is properly made if considered without reference to the stage of the proceeding when it was offered. It can not be considered, because it was made for the first time after verdict and judgment, and in a motion for new trial. Movant fails to show any reason why the question contained therein was not directly and properly brought before the trial judge during the trial and before final verdict in that court. The reason for this ruling will be disclosed in the answer to the second question.

2. The constitution of Georgia (Civil Code (1910), § 6502), declares that the Supreme Court was created "alone for the trial and correction of errors of law and equity" from designated courts. Cases may be taken to the Supreme Court either by direct bill of exceptions or by excepting to a final judgment denying a new trial. Civil Code (1910), § 6140. Among the causes for which a new trial can be granted is "when the presiding judge may deliver

an erroneous charge to the jury against such applicant on a material point, or refuse to give a pertinent legal charge in the language requested," when such charge so requested is duly submitted in writing. Civil Code (1910), § 6084. The practice question certified, or very similar questions, have been before this court heretofore. The question has not been adjudicated in a manner satisfactory to the entire court. The precise question to be determined now is whether the constitutional question may be raised in a motion for a new trial where the trial judge was given no opportunity to pass upon the question before the final judgment was rendered. Stating it in another way: Is it permissible for a party to a suit to remain silent on the question of the constitutionality of a statute necessarily involved until after final judgment, thus taking his chances on winning his case on other grounds than the constitutional question, and, in the event of an adverse finding, then to raise the question in a motion for a new trial?

Bearing in mind that this is a court alone for the correction of errors, all parties in the present case, as well as the legal profession as a whole in this State, are agreed that this court has, without a break in the line of decisions, correctly held: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Brown* v. *State,* 114 *Ga.* 60 (39 S. E. 873) ; *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103). Numbers of other decisions by this court and the Court of Appeals to the same effect might be cited. When, therefore, is the point directly and properly made in the court below? Has the point been directly and properly made in the court below when it is made for the first time in a motion for a new trial? It is insisted that where a statute is attacked in a ground of a motion for a new trial, and the court renders a judgment on the motion, the constitutional question has been made in the court below and passed upon by the trial judge.

It is a general rule that a constitutional question must be raised at the earliest opportunity, or it will be considered as waived. 6 R. C. L. 95, § 96; 12 C. J. 785, § 217. "In Hartzler *v.* Railway, 218 Mo. 562 (117 S. W. 1124), the defendant attempted to raise a constitutional question in its motion for a new trial; but this court, through Lamm, J., said: 'The motion for a new trial was not

the first door open for the question to enter, and in our later decisions we have ruled that a question of such gravity must be raised as soon as orderly procedure will allow.' " Dudley v. Wabash R. Co., 238 Mo. 184 (142 S. W. 338, 339). In Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685 (113 S. W. 1108), the general rule is stated as follows: "While in some cases a constitutional question might be raised regardless of the pleadings, by a ruling on the admission of evidence, where proper objection was made and exception saved, or even on motion for new trial where appellant had no opportunity to raise the question sooner, such questions should be raised at the earliest possible moment consistent with good pleading and orderly procedure, as, otherwise, they will be deemed waived." Of course the general rule does not apply where the jurisdiction of the court is brought in question. A judgment rendered by a court without jurisdiction is a nullity. Civil Code (1910), § 5964. Such a judgment may be attacked in any court, and by anybody. Civil Code (1910), § 5968; Maryland Casualty Co. v. Grant, 169 Ga. 325 (150 S. E. 424).

It would seem to be the duty of a party to a suit to make all points deemed proper and appropriate, during the trial of the case, and before final verdict. One trial should be made to suffice, if it is possible to do so. If the contrary is permissible, a litigant may reserve his attack until after final adverse judgment, and, if the attack is well founded, cause the court to retry a case, no matter at what cost of time and money, thus trying the case by piecemeal, when, by proper practice, the constitutional question could have been raised and adjudicated in the first trial before final verdict. Certainly it would seem that such is. an imperative duty, if by reasonable diligence and professional skill such appropriate points could be foreseen during the trial. Where a party desires to question the validity of a statute, and, by such reasonable diligence as just mentioned, could have known of the propriety of attacking the statute on constitutional grounds before final judgment, the direct and proper manner of doing so is at some proper stage of the actual trial before verdict. By analogy, if one has knowledge of material evidence which would be admissible on the trial and beneficial to his interests, and fails to offer the testimony in evidence while evidence is being introduced at the proper stage for introduction of evidence, and withholds the same until after ver-

dict, such evidence would afford no basis of asking for a new trial. Where one desires principles of law which he deems applicable to his case and beneficial to his interests, the law provides a mode of submitting a request in writing and stipulates what is the proper time for submitting such request. The general rule is that a failure to submit such request in writing at the proper time constitutes a waiver. All statutes enacted by the General Assembly are presumed to be in accordance with the constitution, and therefore valid. The burden is upon those who undertake to establish the unconstitutionality of an act to bring the question before the court directly and at the proper time. *Brown* v. *State,* supra. In all reason it would seem that the proper time is when the court is engaged in trying the case before final verdict. There may be instances where, in the exercise of reasonable diligence and professional skill, the benefit or necessity of raising constitutional questions can not be foreseen and are not known until after the final judgment. Such would constitute exceptions to the general rule, and the burden would be upon movant to show the exercise of reasonable skill, and why such points could not have been raised at the proper time. These rules are well established and universally applied by the appellate courts in considering motions for a new trial.

Where suit is brought, as in this case, for the recovery of damages for personal injuries, the petition in the case should show what statute is declared upon, and upon what law the petitioner depends for a recovery. Where the petition fails in this respect, it is obviously open to demurrer, and it becomes the duty of the defendant to interpose a demurrer pointing out the obvious defect. Where the petition does show the statute on which the action is based, and the defendant fails to interpose a demurrer, such failure should be deemed a waiver of his right under the constitution. In *Kelly* v. *Strouse,* 116 *Ga.* 872, 889 (43 S. E. 280), it was said: "In no work on pleading that we have examined have we been able to find enumerated or referred to as a ground for a new trial that the plaintiff's declaration, count or petition, as the case may be, is fatally defective. . . It never has been at any place where the common law prevails, so far as we are now advised, the office of a motion for a new trial to call in question the legal sufficiency of the pleadings of the plaintiff." See authorities there cited. It is true that in that case it was held by this court that where a petition plainly fails to set out a cause of ac-

tion, the trial court, of its own motion, should refuse to permit a recovery. But the rule stated in *Kelly* v. *Strouse* has never been so applied as to require a court to declare a section of the Code or a statute of the General Assembly unconstitutional where there is no attack upon its constitutionality. All courts in this country fully appreciate the presumption in favor of the constitutionality of all statutes and the imperative and well-founded duty of the court to uphold them if it is possible to do so. The court will not declare a statute unconstitutional on its own motion. It would be an intolerable burden upon the court to impose the duty, to anticipate, with attention riveted upon various steps of the proceeding, search for and discover whether the statute on which the suit is based is in conflict with any of the numerous provisions of the State and Federal constitutions, and, if in conflict, to point out the particular provision which nullifies it. Such a procedure would be to send the trial judge on a "voyage of discovery" without aid or suggestion from parties or their counsel, without chart or compass other than the court's own resourcefulness. This to be exercised on the spur of the moment, in the midst of exactions upon his attention often beyond ordinary and reasonable expectations. It would risk a reward of thanklessness and perhaps exceptions based upon what might be termed a gratuitous official interference, where counsel better understood and had better prepared his client's case.

The conclusion seems irresistible that where a party, not in the exercise of due diligence, fails to make his constitutional point during the trial before final verdict, he should be held to have waived the point. That was the decision of this court in *Hutchings* v. *Roquemore*, 164 *Ga.* 637 (139 S. E. 216). It is true that in the *Roquemore* case there was no motion for a new trial, but the principle is the same, notwithstanding the fact that where a motion for a new trial is filed the trial judge has an opportunity at that stage to pass upon the question. The court is entitled to have the question made directly and at the proper time, as stated in *Brown* v. *State,* supra. As already pointed out, one available method of raising constitutional points is by demurrer. Another method would seem to be by motion in arrest of judgment, or to set aside the judgment. Another would be by objection to evidence and properly making the question before the court before there is a ruling on the objection. Where one is convicted of violating a penal

statute, habeas corpus furnishes a remedy for discharge from custody on the ground that the statute is unconstitutional or has been repealed, provided the constitutional question was not made on the trial and adjudicated adversely to the applicant. A new trial would seem to be useless and of no avail where the statute is unconstitutional. If the statute is unconstitutional, a new trial based thereon would be nugatory and farcical. It is a familiar rule that the sufficiency of a petition to set out a cause of action can not be tested in a motion for a new trial. By analogy, it would seem that after a trial has been had in a suit based upon a statute, it would be illogical to move for a new trial, and at the same time, in such motion, to attack the constitutionality of the statute. It is not the purpose here to place a limit on the available modes. In *Georgia & Florida Ry.* v. *Newton,* 140 *Ga.* 463 (79 S. E. 142), a written request for a charge to the jury was duly presented, requesting the court to instruct the jury that section 2675 of the Civil Code was unconstitutional. The failure to give the charge as requested was made a ground of the motion for a new trial. This court held that the request was not sufficiently specific, because it did not name any provision of the constitution, and at the time gave no reason why the section was unconstitutional. It was not sufficient to urge such reasons and to name specific sections of the constitution before this court. There is no apparent reason why the question may not be properly raised in a written request duly presented, if the request is within itself a correct principle of law and contains the legal requisites applicable in such case. In other words, if the request in the case just cited had specified the provisions of the State and Federal constitutions with which it was claimed the statute conflicted, and the ground of the motion had shown that proper reasons had been urged before the court for the conflict, the question would have been properly raised. Such a rule would impose no hardship. It would produce more orderly procedure and the time and expense necessary to reach a finality of litigation would be lessened.

It may be argued, however, that such general rules should not be applied where one is suing upon a statute open to constitutional attack. Even in criminal cases, the principle of waiver is frequently applied. Our Penal Code (1910), § 5, declares: "Laws made for the preservation of public order, or good morals, can not

be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others, or affect the public interest." See also *Weldon* v. *Colquitt, 62 Ga.* 449 (35 Am. R. 128); *Barton* v. *State, 67 Ga.* 653 (44 Am. R. 743); *Robson* v. *State, 83 Ga.* 166 (9 S. E. 610); *Logan* v. *State, 86 Ga.* 266 (12 S. E. 406); *Vaughn* v. *State, 88 Ga.* 731 (16 S. E. 64); *Wiggins* v. *Tyson, 112 Ga.* 744 (38 S. E. 86); *Frank* v. *State, 142 Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817). Waivers have been enforced in criminal cases. *Cawthon* v. *State, 119 Ga.* 395 (46 S. E. 897). Even an implied waiver has been enforced in a capital case. *Williams* v. *State, 150 Ga.* 641 (104 S. E. 776). In *Sarah* v. *State, 28 Ga.* 576, it was held: "As the prisoner may waive even a trial itself and be capitally punished upon his own confession of guilt, he may waive every minor right or privilege; the greater includes the less, or the whole the parts." Patton *v.* United States, 281 U. S. 276 (50 Sup. Ct. 253, 74 L. ed. 854, 70 A. L. R. 263). *In Hutchings* v. *Roquemore,* supra, on motion for rehearing it was argued that the constitutional question did not appear until the trial judge had rendered his decision, basing it upon the act of 1925, and that only then could the constitutional question have been raised. The court, denying a rehearing, said: "The reply to this argument is that complainant is conclusively presumed to have known of the existence of the act of 1925, and that unless it was declared void it prevented the grant of the certiorari sought. The duty, therefore, rested upon him in his petition for certiorari to state that fact, and to insist that it was void because in conflict with the constitution, specifying the clause of the constitution." All the Justices concurred. The same principle was announced in *Conyers* v. *Luther Williams Banking Co., 162 Ga.* 351 (133 S. E. 862); *Loflin* v. *Southern Security Co., 162 Ga.* 731 (134 S. E. 760). In *Hendry* v. *State, 147 Ga.* 260 (93 S. E. 413), "after sentence, the defendant made a motion for new trial containing numerous grounds, and among them is one which attacks as unconstitutional certain provisions of the statute upon which the accusation is based." This court held: "A question as to the constitutionality of a law can not be raised for the first time in a motion for a new trial, where it was not made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial." Five Justices concurred; one dissented.

In *Hawes* v. *State,* 150 *Ga.* 101 (103 S. E. 170), a motion for new trial contained the usual general grounds, and the further ground that a specified portion of the charge of the court was authorized only by a designated statute, which statute, the ground of the motion asserted, was in violation of the due-process clause of the Federal and State constitutions. This court decided the case against appellant without mentioning the question whether constitutional questions could be made for the first time in a motion for new trial. Nothing was said about whether the question was presented to and ruled upon by the trial court. While this case is a physical precedent, it is not binding. Only five Justices participated. In *Savannah Electric Co.* v. *Thomas,* 154 *Ga.* 258 (113 S. E. 806), a motion for new trial attacked sections 4424 and 4425 as being in contravention of the State and Federal constitutions. The court held that the question could not be made in this way, stating: "The case is distinguishable from *Hawes* v. *State,* 150 *Ga.* 101 (103 S. E. 170), in which the question of the constitutionality of a statute was raised for the first time in the motion for new trial. In that case the question was raised by assignment of error on a portion of the charge, and the defendant could not have anticipated the charge upon which error was assigned." Two Justices dissented. In that case the defendant sought to attack the same sections of the Civil Code, sought to be attacked in the present case.

Plaintiff in error, in citing *Western & Atlantic R.* v. *Henderson,* 167 *Ga.* 22 (144 S. E. 905), relies upon this as a physical precedent for the contention that the constitutional question may be raised for the first time in a motion for a new trial. A ground of the motion for new trial complained that the burden of proof placed by a specified portion of the court's charge upon movant "was violative of the fourteenth amendment of the constitution of the United States." The charge in question was substantially in the language of the Civil Code (1910), § 2780. Certiorari to the Court of Appeals was granted, expressly for the purpose of "considering the question raised as to the constitutionality of section 2780." In holding that statute to be constitutional, this court said: "Nor do we at this time decide . . that a question as to the constitutionality of a statute can not be raised for the first time in a motion for new trial. Upon this subject the court is divided

in opinion." In *Bank of Lumpkin* v. *Farmers State Bank,* 167 *Ga.* 766 (146 S. E. 754), and *Hillman* v. *Farmers State Bank,* 167 *Ga.* 782 (146 S. E. 761), the trial court charged the jury the provision of the Civil Code, § 5141, "that the report of the auditor shall be taken as prima facie correct, and the burden shall be upon the party making the exception, who shall have the right to open and conclude the argument." This instruction was challenged on the ground that the portion of the code section in question violates the provision of the constitution that the right of trial by jury shall remain inviolate. This question was decided against movant, the Chief Justice dissenting, without reference to the time and manner of raising the constitutional question. In a number of cases the Court of Appeals has rendered similar decisions. Since that court is propounding the question to this court, it would seem needless to review Court of Appeals decisions. Suffice it to say that it is apparent that that court followed rules laid down by this court.

It would seem, therefore, that a just and proper answer to the second question should be:

(A) "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge."

(B) In the exercise of due diligence one should make his constitutional attack on the statute in question during the trial and before final verdict. Failing to do so, such can not be done in a motion for new trial.

(C) If in the exercise of due diligence the propriety and advisability of the constitutional attack can not be known before final verdict, in such case it may be made the ground of a motion for new trial, but the duty rests upon movant to show in the motion that in the exercise of due diligence the point could not have been known before verdict. In each instance where there is a failure to make such satisfactory showing, the court will be authorized to disapprove the ground, or to refuse a new trial thereon.

(D) The general rule stated above does not apply where the jurisdiction of the court to try the case is brought in question.

From all that has been said above I am led to the conclusion that the Court of Appeals, and not the Supreme Court, has jurisdiction

in this case. This necessarily follows, because no constitutional question has been made which can be considered, the questions having been raised for the first time in the motion for a new trial, and nothing being shown to take the question out of the general rule stated above. Presiding Justice Beck and Justice Hill concur in the views hereinbefore expressed.

3. With regard to the third question as amended, I specially concur in the answer as stated in the headnote, but I am of the opinion that a portion of the question is lacking in that degree of certainty and definiteness which authorizes this court to return an answer. *Hubbard* v. *Bibb Brokerage Co.,* 172 *Ga.* 520. More especially is this true in regard to the question whether the "new contract" was a "subterfuge." In certified questions, this court has steadfastly declined to decide disputed facts, or law dependent upon inferences to be drawn from the facts. Grave injustice might result from such inferences drawn from statements which are themselves inferences, or from statements not embracing all of the material facts.