20387. WESTERN & ATLANTIC RAILROAD *v.* MICHAEL.

STEPHENS, J. 1. Although the constitution of this State (article 6, section 2, paragraph 9, as amended in 1916) provides that if, by reason of an equal division of opinion among the Justices of the Supreme Court, no instruction is given in response to a certified question propounded by the Court of Appeals, the Court of Appeals may decide the question, the Court of Appeals must nevertheless, in deciding the question, be governed by controlling authorities; and where such equal division of opinion among the Justices of the Supreme Court is upon a matter determined in former decisions of that court not overruled or otherwise superseded, such decisions nevertheless remain authoritative precedents of the Supreme Court; and since, by a provision of the same amendment to the constitution, "the decisions of the Supreme Court

shall bind the Court of Appeals as precedents," such decisions are authoritatively binding upon the Court of Appeals. A decision rendered by a divided court is not, for that reason, less authoritative as a precedent; and although a decision of the Supreme Court may have been rendered by a divided court, the Court of Appeals is nevertheless bound thereby.

2. This court having certified to the Supreme Court the question whether the constitutionality of a law of the State of Georgia can be drawn in question for the first time in a motion for a new trial,—as by an exception to the charge of the court,—and the Supreme Court, when passing upon this question, being equally divided in opinion (*Western & Atlantic Railroad* v. *Michael*, 172 *Ga.* 561, 158 S. E. 426), and therefore rendering no decision upon the question, the Court of Appeals, in deciding the question, must follow the decisions of the Supreme Court, notwithstanding they were rendered by a divided court, wherein that court held, by a majority of the Justices, that where the constitutionality of a law of the State of Georgia could have been drawn in question before verdict, it can not be drawn in question for the first time in a motion for a new trial. *Savannah Electric Co.* v. *Thomas,* 154 *Ga.* 258 (113 S. E. 806); *Starling* v. *State,* 149 *Ga.* 172 (99 S. E. 619); *Hendry* v. *State,* 147 *Ga.* 260 (8) (93 S. E. 413).

3. The constitutionality of sections 4424 and 4425 of the Civil Code of 1910 having been drawn in question in this case for the first time and only in the motion for a new trial, when it could have been done by demurrer to the petition, this case, under the authority of the above-cited decisions of the Supreme Court, is not one in which the constitutionality of a law of the State of Georgia is drawn in question, and over which the Supreme Court, and not the Court of Appeals, has jurisdiction. The Court of Appeals has jurisdiction to entertain the bill of exceptions, and the motion to transfer the case to the Supreme Court is denied.

4. Under the law as announced by the Supreme Court in answer to another certified question propounded to it in this case (*Western & Atlantic Railroad* v. *Michael,* supra), the judge of the trial court was disqualified by relationship within the prohibited degree to one of the attorneys for the plaintiff, who was the judge's brother, and who, by virtue of the nature of his employment, had a pecuniary interest in the subject-matter of the litigation. See, in this connection, Civil Code (1910), § 4642; *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108); *Young* v. *Harris,* 146 *Ga.* 333 (91 S. E. 37). The trial judge therefore erred in holding himself qualified to preside in the case, over objection made by the defendant, before proceeding to trial. The court having so erred, the subsequent proceedings, which resulted in a verdict and judgment for the plaintiff and the overruling of the motion for a new trial by the defendant, were nugatory.

5. The petition set out a cause of action, and was good as against the general and special demurrer.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided August 28, 1931.

*Walton Whitwell, Tye, Thomson & Tye, Mitchell & Mitchell,* for plaintiff in error.

*J. A. McFarland, R. C. Pittman,* contra.