## KUNSBERG v. THE STATE (two cases).

ATKINSON, J. 1. Section 2 of the act of the General Assembly approved November 17, 1915 (Acts 1915, Ex. Sess., p. 77), makes penal the manufacture, sale, offering for sale, keeping for sale, etc., of prohibited liquors and beverages as defined in section 1 of the act; among them being: "all liquors and beverages or drinks made in imitation of or intended as a substitute for beer, ale, wine, or whiskey, or other alcoholic or spirituous, vinous, or malt liquors, including those liquors and beverages commonly known and called near-beer." On the basis of protecting health, morals, and the public safety, the provisions of the act making it illegal to manufacture, sell, etc., intoxicating liquors have been held to be a valid exercise of the police power. *Delaney* v. *Plunkett*, 146 *Ga.* 547 (91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685). The manufacture and sale of drinks made in imitation of or intended as a substitute for intoxicating drinks as specified in the act, although not intoxicating themselves, afford a cloak for clandestine manufacture, sale, etc., of intoxicants,—the evil which the legislation was designed to prevent. Under such circumstances, the power to prohibit the manufacture, sale, etc., of the beverages will include the power also to prohibit the manufacture and sale of substitutes and imitations. Purity Extract Co. *v.* Lynch, 226 U. S. 192 (33 Sup. Ct. 44, 57 L. ed. 184). Under this view, it is within the police power of the State to enact a law prohibiting the manufacture and sale of liquors and beverages not intoxicating in character, but made in imitation of or intended as a substitute for beer, ale, wine, whisky, or other alcoholic or vinous or malt liquors, or those liquors commonly known and called near-beer. Under this view the provisions of the foregoing act which are assailed in this case are not violative of art. 1, sec. 1, par. 3, of the constitution of this State (Civil Code, § 6359), which declares: . "No person shall be deprived of life, liberty, or property, except by due process of law,"

or the 14th amendment to the constitution of the United States (Civil Code, § 6700), for the alleged reason that the legislature had no authority to declare the sale of an imitation of beer an offense. See also *Arthur* v. *State*, 146 *Ga.* 827 (92 S. E. 637).

(a) In none of the assignments of error was the question made that the act was void on the ground that it was indefinite, and no ruling is made on that point.

2. "With certain limitations, the legislature may enact that when specified facts have been proved, they shall . . be prima facie evidence of the guilt of the accused, and shift the burden of proof." *Griffin* v. *State*, 142 *Ga.* 636, 639 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80) ; Bailey *v.* Ala., 219 U. S. 219 (31 Sup. Ct. 145, 55 L. ed. 191). Under this principle, the facts specified in section 19 of the act of 1915, supra, to be proved as a basis for making out a prima facie case, have such a reasonable relation to the fact to be established as to bring that provision of the act within the competency of the legislature.

3. When the excerpts from the charge of the court, complained of in the several grounds of the motion for new trial, are considered in connection with the charge in its entirety, the assignments of error thereon show no cause for a reversal.

4. The evidence was sufficient to support the verdict finding the defendant guilty.

5. In view of the rulings in the preceding notes upon the questions as to the constitutionality of the part of the act involved in this case, there was no error in overruling the motion in arrest of judgment.

*Judgment affirmed. All the Justices concur.*

Nos. 53, 54. JANUARY 15, 1918. REHEARING DENIED FEBRUARY 16, 1918.

Accusations of misdemeanors. Before Judge Guerry. City court of Macon. November 28, 1916.

*Roland Ellis*, for plaintiff in error.

*John P. Ross, solicitor-general*, and *Will Gunn, solicitor*, contra.