## YOUNG *v.* THE STATE.

No. 6198.  SEPTEMBER 26, 1928.

*Carter Pittman,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.
BECK, P. J.  The plaintiff in error in this case was indicted

under the statute passed at the extraordinary session of the legislature held in 1915 and which is contained in subdivision (3) of section 448(b) of 11 Park's Code Supp., and Michie's Penal Code, § 448 (2). The indictment charged the plaintiff in error with possession of malted, fermented, and brewed liquors commonly called "home brew," and manufactured from malt, and in which maltose was a substantial ingredient. The indictment did not allege that the beverage was either intoxicating or alcoholic. The plaintiff in error filed a general demurrer to the indictment, alleging that it charged no offense under the laws of Georgia, and attacked the constitutionality of the section of the Code under which the indictment was drawn, upon the ground that it is too vague, indefinite, and uncertain to be capable of enforcement, and upon certain constitutional grounds. The demurrer was overruled. Error is assigned upon that ruling, and upon the overruling of a motion for new trial (after verdict of guilty) upon the ground that the verdict was not supported by the evidence, and that the court erred in the charge which instructed the jury that "if the defendant possessed any brewed or fermented beverage in which maltose was a substantial ingredient, whether the drink was intoxicating or not or whether it was alcoholic or not, the defendant would be guilty."

■ By proclamation of the Honorable N. E. Harris, Governor of Georgia, on September 28, 1915, the Georgia legislature was convened in an extraordinary session. The part of that call of the Governor that is relevent to this case is as follows: "Now therefore, by virtue of the authority vested in me by article V, section I, paragraph 13, of the Constitution, I, Nat E. Harris, Governor of Georgia, do hereby convoke the General Assembly of the State in extraordinary session, to meet in their respective halls at the Capitol in Atlanta on the third day of November, A. D. 1915, at 10 o'clock, a. m., for the following objects . . [among others]: To consider broadly the question of prohibition, with the view of making such additions to or changes in the present laws as will, in the opinion of the General Assembly, secure uniform and adequate enforcement of the same, and prohibit the sale and manufacture of alcoholic, spirituous, malt, or intoxicating liquors within the bounds of the State of Georgia." Ga. Laws Ex. Sess. 1915, pp. 6-7.

The General Assembly so convened enacted the law under which

the plaintiff in error stands convicted. The relevant portions of the title and enactment are as follows:

"An act to make clearer and more certain the laws of Georgia heretofore enacted for prohibiting the manufacture of alcoholic, spirituous, vinous and intoxicating liquors and beverages, . . and particularly the act approved August 6, 1907, commonly called the prohibition law; to prevent evasions and violations thereof; to remove misconceptions as to the meaning and intent thereof, and to make the enforcement thereof more speedy, certain and effective; which purposes are herein to be accomplishd by more specifically defining and enumerating the liquors and beverages, and classes of liquors and beverages, that are or shall be hereafter construed as embraced within the prohibition of this act, or of said former laws, and the manufacture of which, traffic or dealing in which, and keeping of which on hand, are now, or from now shall be, prohibited in this State . .

"Section 1. Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of the same, that the term 'prohibited liquors and beverages,' whether used in this act or in any other acts to promote temperance or to suppress the evils of intemperance, shall include and be deemed to embrace the following: . . (3) All malted, fermented, or brewed liquors of any name or description, manufactured from malt, wholly or in part, such as beer, lager beer, near-beer, porter and ale, and all brewed or fermented liquors and beverages in which maltose is a substantial ingredient, whether alcoholic or not or whether intoxicating or not; . . (6) all liquors and beverages or drinks made in imitation of or intended as a substitute for beer, ale, wine, or whisky, or other alcoholic or spirituous, vinous, or malt liquors, including those liquors and beverages commonly known and called near-beer." Ga. Laws, Ex. Sess. 1915, pp. 77-80. The portion of the act quoted above, on which the indictment in this case is founded, is attacked on the ground that the enactment by the legislature does not relate to the objects stated in the proclamation of the Governor convening the General Assembly, and is therefore void. Article 5, section 1, paragraph 13 of the constitution of Georgia provides that the Governor "shall have power to convoke the General Assembly on extraordinary occasions; but no law shall be enacted at call sessions of the General Assembly except such as shall

relate to the object stated in his proclamation convening them." After examination of the enactment in question here, we are of the opinion that it does have such relation to the object stated in the proclamation convening the legislature in extraordinary session. One of the purposes of the call was to consider broadly the question of prohibition, with a view to making such additions to or changes in the present law as will, in the opinion of the General Assembly, secure uniform and adequate enforcement of the same, and prohibit the sale and manufacture of alcoholic, spirituous, malt, or intoxicating liquors within the bounds of the State of Georgia. . There were already on the statute books of Georgia laws which prohibited the sale or manufacture of all spirituous and intoxicating liquors and malt liquors which were intoxicating. The purpose of the call of the legislature into extraordinary session was to make such additions or changes in the present law as would secure uniform "and adequate enforcement of the same;" and the legislature might well have regarded the sale and the possession of malt liquors which are not intoxicating as necessary to the enforcement of the law.

In the case of *Kunsberg* v. *State,* 147 *Ga.* 591, 592 (95 S. E. 12), it was said: "The manufacture and sale of drinks made in imitation of or intended as a substitute for intoxicating drinks as specified in the act, although not intoxicating themselves, afford a cloak for clandestine manufacture, sale, etc., of intoxicants,—the evil which the legislation was designed to prevent. Under such circumstances, the power to prohibit the manufacture, sale, etc., of the beverages will include the power also to prohibit the manufacture and sale, etc., of substitutes and imitations. Under this view, it is within the police power of the State to enact a law prohibiting the manufacture and sale of liquors and beverages not intoxicating in character, but made in imitation of or intended as a substitute for beer, ale, wine, whisky, or other acoholic or vinous or malt liquors, or those liquors commonly known as near-beer. Under this view the provisions of the foregoing act which are assailed in this case are not violative of art. 1, sec. 1, par. 3, of the constitution of this State, . . or of the 14th amendment to the constitution of the United States, . . for the alleged reason that the legislature had no authority to declare the sale of an imitation of beer an offense." And other cases might be cited to the same effect. If

dealers are allowed to have liquors the foundation of which is malt or maltose, it may be made a screen under which other liquors that were previously violative of the prohibition laws could be possessed, sold, and handled, and thereby the prohibition law rendered less effective. When we say that this might be the result of not prohibiting such liquors, we mean that the General Assembly in the exercise of its wisdom might so decide and legislate accordingly.

The rulings in headnotes 2 to 9 require no elaboration. In connection with these rulings see *Carroll* v. *Wright,* 131 *Ga.* 728 (63 S. E. 260) ; Purity Extract &c. Co. *v.* Lynch, 226 U. S. 192 (33 Sup. Ct. 44, 57 L. ed. 184).

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*