### 19289. BROOKS *v.* THE STATE.

BROYLES, C. J. 1. The demurrer to the accusation was properly overruled. See, in this connection, *Kunsberg* v. *State*, 147 *Ga.* 591 (95 S. E. 12); *Young* v. *State*, 167 *Ga.* 165 (144 S. E. 726).

2. Where the hearing of a motion for a new trial is set for a future day in term time by an order which requires the movant to file a brief of the evidence within a specified time, it is within the discretion of the court, when the motion comes on for a hearing on the day set, to refuse to dismiss it on the ground that the brief of the evidence was not filed within the time limited by the order of the court, if the movant was not chargeable with laches in failing to comply with the terms of the order. *Broadway National Bank* v. *Kendrick*, 124 *Ga.* 1053 (53 S. E. 576). In the instant case it is recited in the bill of exceptions that the judge did not exercise his discretion when he dismissed the motion for a new trial, but held that as a matter of law it should be dismissed upon the ground that the brief of evidence had not been filed within the time specified in his original order. These recitals in the bill of exceptions are not contradicted by anything in the record.

(*a*) A second or supplementary certificate by the judge to the bill of exceptions can not be considered by this court. When the judge "has signed a certificate to a bill of exceptions, he has exhausted his power in that regard, and can not add a supplementary certificate explanatory of the first." *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (1-*a*) (68 S. E. 697), and citations.

(*b*) The trial judge erred in holding that as a matter of law the motion for a new trial should be dismissed, and in so dismissing it.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 11, 1928.

*M. B. Eubanks,* for plaintiff in error.
*Alec Harris, solicitor,* contra.