### 23505. BELL *v.* CITY OF VALDOSTA.

DECIDED NOVEMBER 4, 1933.

*W. A. Morgan, W. E. Perry,* for plaintiff in error.
*Franklin & Langdale, H. C. Eberhardt,* contra.

BROYLES, C. J. The accused was convicted in the recorder's court of the city of Valdosta of "purchasing intoxicating liquors." An ordinance of the city made it a criminal offense "for any person to purchase, or barter for, any intoxicating liquors, within the corporate limits" of the city. The ordinance further provided that the possession of such liquors by any person in the city "shall be prima facie evidence" that such person had purchased the liquors, or bartered for them, within the corporate limits of the city, in violation of the ordinance. The undisputed evidence was that the accused had in his possession, in the city of Valdosta, a pint bottle containing intoxicating liquors. The defendant introduced no evidence, but made a statement to the court in which he admitted the possession of the whisky, but denied having bought it, and said that it was given to him "by a friend." He did not state the name

of his friend. The accused obtained a writ of certiorari, and in the petition therefor alleged "that in finding him guilty of purchasing liquor the court is assuming guilt without proof; that the mere possession of a commodity such as whisky, when the party accused explains why he is in possession of it and this explanation is not rebutted by the city, nor evidence offered to rebut or refute it, is not proof of guilt; that it is violative of due process of law; that there is a State law whereby petitioner might be tried for possessing whisky and convicted if the evidence warranted it; that the only crime chargeable to him is that of possessing liquors, and not that of *purchasing them*." The recorder, in his answer (which was not traversed or excepted to), says that the foregoing contentions were not made on the trial before him, and, therefore, were not passed upon. On the hearing the certiorari was overruled.

In *Bolton* v. *Newnan,* 147 *Ga.* 400, it was held: "Where it does not appear from the record that [certain] issues were made in the trial court, they can not be raised by certiorari in the superior court, and reviewed by this court. *Hood* v. *Griffin,* 113 *Ga.* 109 (38 S. E. 409); *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814); *Hardy* v. *Eatonton,* 128 *Ga.* 27 (57 S. E. 99). . . The constitutional issues were raised for the first time in a certiorari to the superior court from a judgment in the municipal court. Therefore the superior court could not consider, nor can this court review, these assignments of error." It is also well settled that the untraversed answer of the trial magistrate in a certiorari case is controlling therein. It follows that the foregoing contentions in the petition for certiorari can not be considered by this court. Furthermore, counsel for the plaintiff in error, in his brief, virtually abandons all contentions except the one that the offense of *purchasing* whisky is covered by the criminal statutes of the State. There is no merit in this contention. In *McDonald* v. *Ludowici,* 17 *Ga. App.* 523 (87 S. E. 807), this court held: "It will be presumed that a municipal ordinance is valid, and the burden of establishing its invalidity is on the person asserting it. Penal Code (1910), § 1020; *Moore* v. *Thomasville,* [17 *Ga. App.*] 285 (86 S. E. 641), and cases therein cited." In that case, where the defendant was convicted of violating an ordinance of the city which prohibited the keeping of intoxicating liquors *for the purpose of illegal sale anywhere within the limits of the town,* this court also

said: "It is true that if the defendant kept intoxicating liquors on hand at his place of business he violated the State law; but if it be shown that he kept the liquor there *for the purpose of sale,* he violated also the town law, and in such a case he would be a violator of both the State and the town laws, and the municipal offense would be distinct and separate from the State offense."

In the instant case the presumption is that the city ordinance in question was valid, and the accused did not carry the burden of establishing its invalidity. It follows from the facts of the case that if the ordinance was valid the conviction of the defendant was authorized by the evidence. It is true that under the evidence he had violated the State law by having whisky in his possession, but he was also a violator of the city ordinance which prohibited the buying of whisky and which *made his possession of the whisky prima facie evidence that he had bought it.* The defendant, as heretofore stated, introduced no evidence to rebut this prima facie evidence, but in his statement admitted his possession of the whisky, and stated that he did not buy it, but that it had been given to him by a friend. The recorder, sitting as judge and jury, was authorized to, and evidently did, reject this unsworn statement, as not being sufficient to overcome the prima facie evidence that the defendant had purchased the whisky.

The question as to whether the foregoing italicized portion of the ordinance is valid or constitutional is not before this court for determination, as that question was not raised in the trial court, was not properly raised in the petition for certiorari, and is not argued in the brief of counsel for the plaintiff in error.

The court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*