## 23615. Brown v. City of Valdosta.

Guerry, J. 1. An attack upon an ordinance "upon the grounds that it is unconstitutional and void, and is in conflict with a statute of this State, which attack is not sustained by the trial court, does not render such judgment void; and the defendant, when convicted, could sue out a writ of certiorari to correct any errors committed by the trial judge in sustaining the constitutionality and validity of the ordinance. Having jurisdiction of the subject-matter, and of the person of the defendant, the judgment of the trial court, finding the defendant guilty and imposing punishment, was not void, even if the ordinance under which he was tried was unconstitutional and void. For this reason the case does not come within the decisions of this court which hold that the writ of certiorari does not lie to correct a void judgment. *Brown* v. *Brown,* 99 *Ga.* 168 (25 S. E. 95); *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418); *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59); *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861); *Griggs* v. *Macon,* 154 *Ga.* 519, 526 (114 S. E. 899);" *Forbes* v. *Mayor &c. of Savannah,* 160 *Ga.* 701. See also *Robertson* v. *Russell,* 13 *Ga. App.* 27; *Gravitt* v. *Mullins,* 28 *Ga. App.* 806; *Mills* v. *Anderson,* 20 *Ga. App.* 806; *Simpkins* v. *Hester,* 3 *Ga. App.* 160; *Hilson* v. *Kitchens,* 107 *Ga.* 230; and compare *Sawyer* v. *City of Blakely,* 2 *Ga. App.* 159. Under the ruling in the *Forbes* case, supra, certiorari was the proper remedy of the defendant to set aside a judgment of the recorder's court of the City of Valdosta convicting him of an offense embodied in a city ordinance which he attacked as being unconstitutional and void.

2. There is no existing general law that makes penal the purchasing of intoxicating liquors, and the City of Valdosta could, under the police powers granted to it in its charter, make such act criminal. *Bell* v. *City of Valdosta,* 47 *Ga. App.* 808 (171 S. E. 572).

3. Assignments of error alleging that a statute is unconstitutional must be specific, in order to raise such question. *Carswell* v. *Wright,* 133 *Ga.* 714; *Loque* v. *Hancock County,* 8 *Ga. App.* 208; *Savannah, Florida and Western Ry. Co.* v. *Gill,* 118 *Ga.* 737; *City of Atlanta* v. *Standard Life Ins. Co.,* 149 *Ga.* 501; *Griggs* v. *State,* 130 *Ga.* 16. The assignments of error in the present case fail to raise any question for decision by this court. No specific clause of the constitution is designated as being violated.

4. The court therefore did not err in refusing to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

Decided December 15, 1933.

*W. A. Morgan, W. E. Perry,* for plaintiff in error.