23906. STAFFORD *v.* CITY OF VALDOSTA.

DECIDED MAY 9, 1934. REHEARING DENIED JUNE 11, 1934.

*H. B. Edwards, Jordan Johnson,* for plaintiff in error.
*Franklin, Langdale & Eberhardt,* contra.

GUERRY, J. ■ Mary Stafford was convicted in the recorder's court of the City of Valdosta, under an ordinance which provides as follows: "Be it ordained by the mayor and council of the City of Valdosta, Ga., and it is hereby ordained by authority of the same, as follows: Section 1. That, from and after the passage of this ordinance, it shall be unlawful for any person to purchase, or barter for, any intoxicating liquors, within the corporate limits of

the City of Valdosta. Section 2. That, if any person shall be found in possession or custody or control of such intoxicating liquors within the corporate limits of said city, such possession, custody, or control of same shall be prima facie evidence of the person so in possession, custody or control having purchased same, or bartered for such intoxicating liquors, within the corporate limits of said city, in violation of this ordinance." The defendant sued out certiorari, attacking the constitutionality of the ordinance, on various grounds. The judge of the superior court denied the certiorari, and she excepted.

It is insisted by counsel for the city that certiorari is not a proper remedy, for the reason that a void or unconstitutional law can not be attacked in a petition for certiorari, and the case of *Sawyer* v. *City of Blakely, 2 Ga. App.* 159 (58 S. E. 399), is cited in support of this contention. However, in the case of *Forbes* v. *Mayor &c. of Savannah,* 160 *Ga.* 701 (128 S. E. 806), this point is decided against the contention of the city. In that case it was held that an attack upon an ordinance "upon the grounds that it is unconstitutional and void, and is in conflict with a statute of the State, which attack is not sustained by the trial court, does not render such judgment void, and the defendant, when convicted, could sue out a writ of certiorari to correct any errors committed by the trial judge in sustaining the constitutionally and validity of the ordinance. Having jurisdiction of the subject-matter and of the person of the defendant, the judgment of the trial court, finding the defendant guilty and imposing punishment, was not void, even if the ordinance under which he was tried was unconstitutional and void. For this reason the case does not come within the decisions of this court which hold that the writ of certiorari does not lie to correct a void judgment." That decision was followed in *Brown* v. *City of Valdosta,* 48 *Ga. App.* 125 (172 S. E. 72). The writ of certiorari was therefore the proper remedy to test the correctness of the judgment rendered against the defendant in the recorder's court.

■ The first attack made upon the ordinance, that is, that it prescribes for the punishment of an act covered by the general law of the State, is decided against such contention in *Bell* v. *City of Valdosta,* 47 *Ga. App.* 808 (171 S. E. 572); *Brown* v. *City of Valdosta,* supra.

■ The ordinance is further attacked upon the ground that it violates article 1, section 1, paragraph 3, of the constitution of the State of Georgia and also article 14 of the amendments to the constitution of the United States, known as the "due process clauses" of the State and Federal constitutions. The ordinance set out above provides that possession, custody, or control of the prohibited bever-. ages shall be prima facie evidence that the person so in possession purchased or bartered for them within the corporate limits of the city. The evidence for the city shows that a policeman went to the home of the defendant, where a number of men and women were present, and that the defendant ran out of the back door with a pail or bucket, and that when the officer caught her she had thrown out the liquid contents of said pail. The officer testified: "By smelling . . I knew it had contained whisky." The officer testified also that he arrested the defendant for the possession of whisky. There was no evidence or circumstance which tends to show that the defendant purchased such whisky. The officer testified: "I never saw her purchase any whisky, or the liquid contents of the pail or bucket, and I do not know when or where she might have purchased any whisky or the liquid contents of the pail or bucket, and, of my own knowledge, I do not know whether the liquid contents of the pail or bucket were owned by her or some one else, or whether she had made it, or whether it had been given to her." The defendant stated: "We were all having a party at my house, and we had one or two colored men from Jacksonville, Florida, at my house. The whisky which Mr. Shiver says was in the pail or bucket did not belong to me. I never purchased it from any one. It was brought to the party by some of the boys that came."

Within certain limitations, the legislature may enact that when certain specified facts have been proved, they shall, even in a criminal case, be prima facie evidence of the guilt of the accused, and shift the burden of proof. The principal limitation on this power is that the fact or facts which will raise the presumption and shift the burden of proof must have some fair relation to, or material connection with, the main fact as to which the presumption is raised. The inference or presumption from the facts proved must not be merely arbitrary, or wholly unreasonable, unnatural, or extraordinary, but must bear some reasonable relation to the facts proved.

*Griffin* v. *State,* 142 *Ga.* 636 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80). This principle is reaffirmed in the case of *Hawes* v. *State,* 150 *Ga.* 102 (103 S. E. 170). See also *Kunsberg* v. *State,* 147 *Ga.* 591 (95 S. E. 12). "Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact is within the general power of government to enact rules of evidence; and neither due process of law nor equal protection of the law is denied if there is a rational connection between the fact and the ultimate fact presumed and the party affected is afforded reasonable opportunity to submit to the jury all the facts on the issue." M., J. & K. C. R. Co. *v.* Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463). See also Manley *v.* State of Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575) ; McFarland *v.* Am. Sugar Ref. Co., 241 U. S. 79 (36 Sup. Ct. 498, 60 L. ed. 899) ; Bailey *v.* State of Alabama, 219 U. S. 219 (31 Sup. Ct. 145, 55 L. ed. 191.) In the *Hawes* case, supra, it was held that specified apparatus found on the premises of one accused of being in possession of such distilling apparatus is prima facie evidence that the person in actual possession of the premises had knowledge of the existence of the apparatus on the premises, under an act of the General Assembly, and that such act was not unconstitutional. The judgment in that case was affirmed by the Supreme Court of the United States, in 258 U. S. 1. Possession itself is ordinarily sufficient proof to make a prima facie case of ownership, as there is a close and logical connection between possession and ownership. Where in a trial on indictment for murder, the State proves that the defendant killed the deceased, a prima facie case has been made out such as will carry the burden. Also, an inference of guilt is raised by showing recent possession by the defendant of stolen property, where the corpus delicti has been independently proven. These might be said to be inferences which have been held by the court to be sufficient to carry the burden and support a conviction based thereon. Recent possession of stolen property does not per se create a presumption of guilt, but is a circumstance sufficient to warrant a conviction.

A great many presumptions are raised by special enactment, such as that stated in the *Hawes* case, supra. The making, drawing, uttering or delivering of a check or draft for a present consideration without sufficient funds in or credit with a bank to pay the

same is prima facie evidence of an intent to defraud. *Carter* v. *Lowrey,* 169 *Ga.* 516 (151 S. E. 23). The statute with reference to obtaining food and lodging at a hotel is another statute based on the same principle. Another statute of this State, creating a presumption against officers of an insolvent bank, that such insolvency was fraudulent, was declared unconstitutional in Manley *v.* State of Georgia, supra, overruling the decision of the Supreme Court of this State in 166 *Ga.* 563 (144 S. E. 170). In that opinion it was said: "Presumption arising under state legislation does not constitute a denial of due process of law in violation of the constitution of the U. S., amendment 14, in case it is not unreasonable, and not made conclusive of rights of persons against whom it is raised." Quoting further: "Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty, or property." As was said in the *Griffin* case, supra: "The inference or presumption from the facts proved must not be merely arbitrary, or wholly unreasonable, unnatural, or extraordinary." The connection between the fact proved and that presumed must naturally lead from one to the other.

In the present case the possession of whisky may raise the natural presumption of ownership. It does not reasonably lead to the inference that such possession came solely by purchase, and exclude the theory of possession by gift or possession by manufacture, and it certainly is not reasonable to say that such possession and purchase occurred in the city limits of Valdosta and nowhere else. Unless the facts proved would of themselves lead to the inference that in the first place there was a purchase, and in the second place that the purchase occurred in the city of Valdosta, the presumption does not naturally follow the fact, and is a mere fiat of the mayor and council. We are therefore of the opinion that such ordinance, in so far as it prescribes that possession of whisky shall be prima facie evidence that it was purchased within the city of Valdosta, is unconstitutional and void, and that therefore the evidence did not support the conviction of the defendant. The trial judge erred in overruling the certiorari.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. I can not agree with my colleagues that the provision in the ordinance in question that proof of the possession of intoxicating liquors by a person in the city of Val-

dosta shall constitute prima facie evidence of the main fact to be proved in a prosecution for a violation of the ordinance, to wit, that the liquors were purchased in that city, renders the ordinance unconstitutional in that the provision is in violation of the "due-process clauses" of the State and Federal constitutions. As was said by Mr. Justice Lurton, in Mobile, J. & K. C. R. R. *v.* Turnip-seed, 219 U. S. (p. 43), "That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed. If a legislative provision not unreasonable in itself, prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him." In the instant ordinance the provision that proof of the possession of intoxicating liquors by a person in the city of Valdosta shall be prima facie evidence that such liquors were bought in that city is not such an unreasonable inference "as to be a purely arbitrary mandate," and since it "does not shut out from the party affected a reasonable opportunity to submit to the jury [the recorder in this case] in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him."