274 P.2d 333

STATE of Arizona, Appellee,

v.

Warren G. CHILDRESS, Appellant.

No. 1054.

Supreme Court of Arizona.

Sept. 27, 1954.

2

Marshall W. Haislip, Phoenix, for appellant.

Ross F. Jones, Atty. Gen., and John R. Elliott, Asst. to the Atty. Gen., for appellee.

UDALL, Justice.

Defendant Warren G. Childress was convicted by a jury in the Superior Court of Maricopa County of the crime of driving a vehicle while under the influence of intoxicating liquor, contrary to the statute, Ch. 3, Sec. 54, Laws 1950, 1st S.S., now appearing as Section 66–156, 1952 Cum.Supp. As a second offender he was sentenced to serve five months in the county jail, and from this judgment he now appeals. The trial court granted bail pending its determination.

The State's evidence showed that on the 22nd day of October, 1953, defendant was observed by an Arizona highway patrolman driving an automobile southeast on Grand Avenue in Maricopa County at an excessive speed, and weaving from side to side on his own half of the highway. He was stopped by the officer, who testified that defendant's speech was blurred, eyes bloodshot, and his actions were those of an intoxicated person. An Air Force policeman riding with the highway patrolman testified that he observed the same facts, as did a senior highway patrol officer called to the scene by the arresting officer. Defendant at that time admitted having drunk ten beers and two shots of whiskey. He was taken to the

Memorial Hospital in Phoenix where he gave written permission for a sample of his blood to be taken for purposes of conducting a blood-alcohol test. The hospital technician testified that the results of the test showed defendant's blood contained alcohol in the amount of 0.20 percent by weight.

Defendant offered no evidence but moved for dismissal, which motion was denied. Defendant thereupon objected to the instructions proposed to be given to the jury, in particular objecting to the instructions which paraphrased section 66–156, supra, telling the jury that upon proof of certain alcoholic content of the blood, certain presumptions arose. The instructions were nevertheless given, and such action of the trial court is here assigned as error.

Omitting the usual stock instructions, we believe it will be helpful to set out pertinent parts of other instructions given by the court.

"The statute in this state provides that it is unlawful for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state. The statute further provides that in any criminal prosecution for a violation of this statute relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions.

"One, if there was at that time 0.05 percent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

"Two, if there was at that time in excess of 0.05 percent but less than 0.15 percent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

"Three, if there was at that time 0.15 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.

"The statute further provides that the foregoing provisions shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor.

\*　　\*　　\*　　\*　　\*　　\*

"In order that you may convict the defendant of the crime charged in the information in this case, it is incumbent upon the State to satisfy you beyond a reasonable doubt of the truth of every material allegation of the information. The law raises no presumption against the defendant, but every presumption

4

of the law is in favor of his innocence, and he is presumed to be innocent until proven guilty beyond a reasonable doubt."

Defendant urges the instructions on presumptions relative to intoxication were erroneous, contending that they are violative of the due process clauses of the federal and state constitutions in that they presume the guilt of one accused of crime and relieve the State of proving guilt beyond a reasonable doubt. Furthermore, it is urged they are a comment on the evidence which is forbidden by Article 6, Section 12, Constitution of Arizona, and conflict with the subsequent instruction that the law raises no presumption against the defendant. We intend to limit our decision herein strictly to these problems.

 The instructions do not presume the guilt of the accused. Guilt in the instant case would consist in driving the vehicle while under the influence of intoxicating liquor, and these elements had to be proved beyond a reasonable doubt. The jury was not told the law presumed defendant guilty of crime, nor even that the law presumed him under the influence of intoxicating liquor, instead they were told in effect that upon proof (beyond a reasonable doubt) of the fact that there was 0.15 percent or more by weight of alcohol in his blood, the law presumed him under the influence of intoxicating liquor. The court in effect was but stating the rule of law governing the case in hypothetical terms, saying "*If* you the jury find certain facts proved beyond a reasonable doubt, then an element of the state's case is presumed to be present.", and the defendant then has the privilege of going forward with his evidence on this particular point. We fail to see wherein the instruction presumes defendant's guilt or relieves the state of its burden of proving him guilty beyond a reasonable doubt.

The law governing such presumptions is well stated by Mr. Justice Butler in Manley v. State of Georgia, 279 U.S. 1, 49 S.Ct. 215, 217, 73 L.Ed. 575, as follows:

"State legislation declaring that proof of one fact or a group of facts shall constitute prima facie evidence of the main or ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law. (Citing case.) A prima facie presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. (Citing case.) Mere legislative fiat may not take the place of fact in the determination of

issues involving life, liberty or property. 'It is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime.' (Citing case.)"

Using this yardstick the court held that a statute making all bank insolvencies presumptively fraudulent was invalid because in the common experience of men the relationship between the two facts was not strong enough. In Tot v. U. S., 319 U.S. 463, 63 S.Ct. 1241, 1245, 87 L.Ed. 1519, Mr. Justice Roberts speaking for the court declared:

"* * * Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view broader than that a jury might take in a specific case. But, where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts."

The court there struck down a statute creating the presumption that a fugitive from justice, or person convicted of a crime of violence, found in possession of a firearm or ammunition, had received the same through interstate or foreign commerce, contrary to the statute.

All the cases we have examined agree the rule is that validity of the presumption and the power of the legislature to create it rests in the rational connection between the presumed fact and the proved fact. For other cases where a statute creating a presumption was declared unconstitutional, see: Morrison v. People of State of California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (in prosecution for conspiracy to violate alien land laws, guilty knowledge and intent may not be presumed from bare possession of land by one of Japanese descent); People v. Hoogy, 277 Mich. 578, 269 N.W. 605; Stafford v. City of Valdosta, 49 Ga.App. 243, 174 S.E. 810.

There are a great many decisions upholding the constitutionality of statutes or ordinances making one fact presumptive or prima facie evidence of another. We cite but a few illustrative decisions, viz.: People v. Scott, 24 Cal.2d 774, 151 P.2d 517 (possession of firearms with identification marks destroyed prima facie evidence such destruction was done by possessor); Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 482 (possession of burglar's tools prima facie evidence of intent to commit burglary); State v. Fitzpatrick, 141 Wash. 638, 251 P. 875 (possession of picklocks and false keys prima facie evidence of intent to use them in commission of crime); and Eff-Ess, Inc., v. New York Edison Co., 237 App.Div. 315, 261 N.Y.S. 126

**6**

(tampering with electric meter presumably done by consumer with intent to defraud). See also the annotation found in 162 A.L.R. 495 and 22 C.J.S., Criminal Law, § 579.

Medical science has established the fact that there is a rational and logical relationship between the percentage by weight of alcohol contained in the blood flowing through a person's body and that person's state or condition of being under the influence of alcohol. Sobriety of an individual decreases as the percentage of alcohol in his blood increases. For an excellent discussion of the scientific bases of chemical tests for intoxication see the leading case of Toms v. State, Okl.Cr., 239 P.2d 812. Certain of these matters have been previously considered by us in the cases of State v. Warren, 75 Ariz. 123, 252 P.2d 781 and State v. Harold, 74 Ariz. 210, 246 P.2d 178, 182. In the latter case it is stated:

"* * * The legislature was entirely within its powers to set up such standards based upon scientific facts which experiments had demonstrated fixes the point in the alcoholic content of the blood where sobriety ordinarily ends and insobriety begins."

It was within the power of the legislature to enact the law in question which creates a presumption of intoxication from the presence of 0.15 percent or more by weight of alcohol in the defendant's blood. The evidence before the jury presented a proper case for the application of the law and it was therefore the duty of the trial court to declare this law to the jury. We hold this action was in nowise violative of the defendant's constitutional right of due process.

■ Defendant, without the citation of any pertinent authority, further contends that the instructions on the statutory presumptions arising from proof of alcoholic content of the blood are a comment on the evidence in violation of Article 6, Section 12, Constitution of Arizona, which provides:

"Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law. * * *"

Of this provision we said in Lenord v. State, 15 Ariz. 137, 137 P. 412, 415:

"* * * The expression in the Constitution and the statute means that the judge shall instruct the jury as to the general principles of law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration. * * *"

And in Beasley v. State, 20 Ariz. 237, 179 P. 647, 649, the court declared:

"* * * Yet it is manifest from the language of the provision that its primary object was to prevent comments on the facts in giving instructions by which the jury are to be guided, and at a time when such comments would be likely to affect their minds. * * *"

In discussing constitutional or statutory provisions that a trial judge may not comment on the testimony or express opinion upon the weight of the evidence, it is stated in 53 Am.Jur., Trial, Section 591:

"The manifest object of the prohibition is to give the parties the full benefit of the judgment of the jury, unaffected by the opinion of the judge, and no essential element of the right of jury trial is impaired thereby. It has been ruled, however, that such a provision, being in derogation of the common law, will not be extended beyond its terms.

"Under such provisions the court has no right to intimate any opinion as to the facts in dispute, and in general its charge should not extend beyond a plain statement of the law applicable to the case."

In the case of State v. Brown, 19 Wash.2d 195, 142 P.2d 257, 259, the Supreme Court of Washington, in discussing a constitutional provision identical with ours, said:

" * * * the constitutional provision, Article 4, § 16, that the trial judge shall not comment upon the evidence, means no more than that the trial judge is prohibited from action or words having the effect of *conveying to the jury the trial judge's personal opinion as to the truth or falsity of any evidence.* * * *" (Emphasis supplied.)

Applying this yardstick to the objection under consideration we are unable to see how a mere reading by the trial court of Chapter 3, Section 54, Laws of 1950, 1st S.S., which creates presumption of intoxication under certain circumstances, could convey to the jury the court's personal opinion as to the truth or falsity of any evidence adduced at the trial. In reading the statute the judge was performing his mandatory duty in instructing the jury upon the law of the case. Cf. State v. Tharp, 42 Wash.2d 494, 256 P.2d 482; Newton v. State, 98 Tex. Cr.R. 582, 267 S.W. 272; Vore v. State, 158 Neb. 222, 63 N.W.2d 141. To say that the reading of a pertinent statute in a criminal case constitutes a comment upon the evidence is itself "a reductio ad absurdum". The reading of a statute in nowise expresses the view of the judge on any evidence in the case. It is exclusively a statement of law. Therefore we hold that the instructions complained of do not constitute a comment on the evidence.

■ Finally, we do not perceive any conflict between the instruction that upon proof of one fact another fact is presumed, and the instruction that the law does not presume the guilt of one accused of crime. The presumption of innocence always gives way in the face of facts to the contrary proved beyond a reasonable doubt, else there could never be a conviction for crime.

The Supreme Court of Virginia in the case of Burnette v. Commonwealth, supra, 194 Va. 785, 75 S.E.2d 482, 486, was dealing with a conviction for burglary under a statute which created a presumption of criminal intent from possession of burglarious tools, which is an analogous situation to our problem in the instant case. It stated:

" * * *. All the statute does is to create a presumption of a criminal intent from proof of possession of burglarious tools or implements. Such a presumption is not conclusive; it cuts

off no defense. It interposes no obstacle to a contest of all of the issues of fact, and relieves neither the court nor the jury of the duty to determine all of the questions of fact from the weight of the whole evidence. 'It is merely a rule of evidence and not the determination of a fact.' Barton v. Camden, 147 Va. 263, 272, 137 S.E. 465, 468. When possession is proven, the burden of going forward with the evidence shifts to defendant, but this does not shift the burden of ultimate proof, or deprive defendant of his right to have the jury instructed on the presumption of innocence."

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.