405 P.2d 895

**STATE of Arizona, Appellee,**

v.

**John SHEPARD, Appellant.***

**No. I CA–CR 35.**

Court of Appeals of Arizona.

Sept. 30, 1965.

Rehearing Denied Oct. 22, 1965.

---

*\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1541. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

**586**

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Sydney Block, Phoenix, for appellant.

STEVENS, Chief Judge.

An information was filed in January 1964 charging John Shepard and one Rhodes with the June 1963 burglary of an automobile, a felony. The information contained an allegation of a prior conviction as to Shepard. On arraignment Shepard denied the allegation of prior conviction. On the day of the commencement of the trial, both defendants were present with their respective attorneys. The jury was selected. A witness was sworn and testified. At this point the County Attorney moved to dismiss as to Rhodes and the motion was granted. The record reflects that this came as a surprise to Shepard and his attorney. Rhodes thereafter testified on behalf of the State. Shepard did not testify. The jury returned a guilty verdict as to Shepard and after the judgment of guilt and sentence, he appealed.

The Reporter's Transcript and the minutes of the trial are silent as to the allegation of prior conviction from the date of the arraignment until after the receipt of the verdict. After the receipt of the verdict there was a discussion which is reflected in the Reporter's Transcript. The attorneys were not in accord as to the statements which had been made to the judge in chambers before the empaneling of the jury and the County Attorney asked leave to proceed with the evidence in support of the allegation of prior conviction. This request was denied by the court and the allegation of prior conviction was ordered stricken. This action was beneficial to the defendant and no error is charged in relation thereto. We know of no procedural requirement that the before trial conference which frequently takes place between the court and counsel be noted in the Reporter's Transcript or in the minutes. There are often matters which need not be so reflected. It is our opinion that better practice in this instance would have been to have this conference in the presence of the Clerk and the Court Reporter with appropriate orders and minutes, since the matter of the allegation of prior conviction can be a matter of some moment in connection with a trial.

Certain of the articles which were taken from the automobile were identified by the owner of the automobile who was also the owner of the articles. The articles so identified and presented at the trial had been recovered by the police from the possession of Rhodes. Rhodes testified as to Shepard's participation. There were attempts to impeach Rhodes, however, the jury appears to have believed him.

Police officer Hoffarth testified that Shepard had made the following statements to him:

> "He told me that himself and an individual by the name of Buddy Rose had driven Shepard's father's car in the vicinity of the Grand Avenue—a motel—didn't know the name of it— and parked the car, walked into the parking lot, saw a car with numerous items in it, and a box. Him and Rose took the box out of the car, and walked through the parking lot to their car, and then went to Rose's house where they left some of the property." And, "He told me that him and a Buddy, Rose, R-o-s-e, Rose, had been out that early in the morning, and had gone to a motel on Grand Avenue, and parked

their car a short distance away from the parking lot. They went into the parking lot, and saw a car with some ladies articles in it, and took the articles out in a cardboard box, and walked to their car."

■ It is urged on appeal that there was insufficient corroboration of the accomplice Rhodes to warrant submitting the case to the jury and it was, therefore, error to deny the defendant's motion for directed verdict as well as error to deny the motion for new trial both of which motions raised this point. The test to be applied in relation to the testimony of an accomplice and the corroboration of such testimony is set forth in § 13–136 A.R.S. as follows:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

We see no purpose in citing the case law of this State as the case law follows the statutory rule. The jury was properly instructed in regard to this rule. It is urged that there are inconsistencies in the testimony. We have read the record and it is our opinion that the record reflects adequate corroboration. We find an absence of error in the rulings of the trial court in this matter.

■ During Officer Hoffarth's testimony it was brought out on both direct examination and on cross examination that the foregoing statements were made while Shepard was lodged in the County Jail during the month of December 1963 and that the officer had talked to the defendant in the same jail in the month of September 1963, and that during the September conversations the defendant had denied all connection with the burglary in question. On cross examination the officer testified that he did not arrest Shepard in connection

with the current burglary; that he made notes and a report in the police department files in relation to the December conversation; that he made a report in relation to the September conversation and on redirect examination we find the following:

"Q. BY MR. JOHNSON: Now, did you make that report in connection with the police report on the charge that we are confronted with today?

"A. No.

"Q. That report, then, is in a separate file, in a separate police report?

"A. Yes.

"MR. BLOCK: Wait a minute, Your Honor. I'm going to object to that answer and that question. I'm going to—May we approach the bench?

"THE COURT: The objection is sustained. The answer is stricken. The jury is instructed to disregard it. We will take it up further at the recess if you with to do so."

A recess was taken and the formal motion for mistrial was made urging that the testimony relating to the September report "is highly prejudicial in that it calls to the minds of the jury that the defendant is involved in other crimes". It was at that time urged and it is urged upon appeal, "that the admonition of the court is not sufficient to undo the harm that has been accomplished by these questions and answers". The motion for mistrial was denied. This matter was preserved on the motion for new trial. It is our opinion that the prior evidence which was received without objection, and some of it elicited on cross examination, that the witness was not the one who arrested Shepard, that in both September and December Shepard was in jail and other evidence that the police had little positive information as to who committed the burglary in question until the articles had been recovered from Rhodes possession after the December conversation with Shepard, all indicate to us that little or no prejudice could result from the fact that the record in relation to the

September conversation was placed "in a separate file". It is our further opinion that the trial judge's prompt admonition cured any possible prejudice to the defendant.

■ In connection with the receipt of the above quoted statement into evidence, it is not urged that there was any error in receiving the same by reason of a failure of the proper foundation as to voluntariness or by reason of the lack of an "out of the presence of the jury" hearing as to voluntariness. There was some preliminary testimony on both direct examination and voir dire examination in relation to this area of foundation which testimony did not imply the lack of voluntariness. Nothing in the record required that the Judge on his own motion hold "an out of the presence of the jury hearing" on the question of voluntariness. Shepard was represented by able counsel. Prior to the time that the arguments to the jury were commenced, defense counsel submitted seven requested instructions, no one of which related to the voluntariness of the defendant's statements. After argument and instructions and prior to the time that the jury returned its verdict, defense counsel submitted requested instructions 8 and 9 which were refused, the refusal of which was not error. These were of the "View With Caution" class of instructions. After the completion of the arguments and instructions and prior to the time that the jury returned its verdict, a session was held in chambers which the court opened with the following language:

"The record may show we are meeting in chambers after the jury has been instructed to take counsel's formal objections to the instructions and formal request for any additional instructions with weren't given."

Defense counsel pointed out that there was an absence of instructions dealing with admissions by the defendant. He pointed out that the recent decision of the Arizona Supreme Court required that even exculpatory statements must be voluntary and

this Court believes he was referring to State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964).

Defense counsel urged upon the court "I mean it is just dangerous not to give it". Inquiry was made as to whether the court had a stock instruction and the court did not have. The County Attorney said he had no objection to the instruction and expressed an opinion that it was not an issue. The court stated: "The evidence before the jury is that it was free and voluntary" to which defense counsel replied "That's true, but in the light of the decision, something should be given bearing on the matter". The court then denied the request. In our opinion, the ruling of the court is sustained by the case of State v. Simoneau, 98 Ariz. 2, 401 P.2d 404 (1965). Even though we find no error, it is our opinion that it would have been better to give a cautionary instruction. The instruction which has been frequently given in relation to confessions is found on page 299 of the Arizona Reports in the case of State v. Hood, 69 Ariz. 294, 213 P.2d 368 (1950). After the decision in Owen, one of the Judges of this Court modified the confession instruction in Hood and included the modified instruction in his jury instruction in criminal cases. As modified, the instruction reads as follows:

"The law absolutely forbids you to consider a statement claimed to have been made by a defendant outside of the court room in determining the innocence or the guilt of a defendant unless the statement was voluntarily made, and although the court has admitted evidence tending to show that defendant made a statement, you must disregard the asserted statement entirely unless you yourselves, by your own weighing of all the evidence, your own judging of the credibility of the witnesses, and your own reasonable deductions conclude that the claimed statement not only was made but was voluntary.

"If under these instructions you find that a voluntary statement was made,

you are the exclusive judges as to whether or not the statement was true, and in deciding that question you should consider all of the circumstances connected with the making of the statement as shown by the evidence."

The foregoing is a mere suggestion, it has not met the acid test of the critical examination which we find in briefs on a contested appeal. Possibly the foregoing suggested instruction could be improved by eliminating the phrase "and although the court has admitted evidence tending to show that defendant made a statement".

Again we find it appropriate to comment on the matter of procedure.

"Criminal Rule 272, 17 A.R.S. Evidence and instructions.

"The law of evidence and the law relating to instructions to the jury in civil actions shall apply to criminal actions except as otherwise provided."

"Criminal Rule 274. Requests for instructions.

"Either party may request the giving of particular instructions. Such request may be oral unless the court directs it to be in writing.

"Civil Rule 51(a), 16 A.R.S. Instructions to jury; objection.

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the request prior to their arguments to the jury, but the court shall instruct the jury after arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of hearing of the jury."

The record in this case reflects that the only official reported meeting between the court and counsel in relation to instructions took place after the arguments and the instructions and after the jury had retired. This does comply with the language of Civil Rule 51(a).

■ Mr. Shepard's attorney, even though he submitted 9 separate written requests for instructions had the right under the Criminal Rule 274 to make an oral request for a cautionary instruction. We believe that Criminal Rule 272 is broad enough to encompass reference to the Uniform Rules of Practice which became effective January 1, 1962 and Rule 8 of the Uniform Rules of Practice, 17 A.R.S. contemplates that written requested instructions be submitted to the court prior to the commencement of the jury trial. The record reflects that defense counsel was not surprised by the evidence indicating that his client had made statements relative to the charge in question and the record further indicates that he was informed as to the legal principles which were involved.

■■ Notwithstanding the fact that the procedures followed by the trial judge in this case are authorized by the rules, it is our opinion that it is better practice to have a complete conference with reference to instructions so that the court can then inform counsel of its proposed action and counsel may then state their objections and grounds before the commencement of argument. While it is true that some time is consumed in following this practice and that the jury waits during this period of time, if counsel have submitted their requested instructions in advance, then in the great majority of cases, especially in criminal cases, the period of time necessary to settle instructions and dictate exceptions, will not be great. Had this procedure, namely, the complete settling of instructions before argument been followed, it is quite possible that a cautionary instruction could have been given. In this particular case we find no error as the court need not instruct upon

issues not dictated by the evidence or requested by counsel.

It is charged that there is reversible error arising out of the remarks of the County Attorney which remarks are found in his opening argument to the jury. It is also urged that there is error in the ruling of the court. We quote from the record:

"So then they (referring to the police officers), go to Mr. Rhodes and get these particular articles, Mr. Shepard, possibly being more experienced in these things, keeps all the—

"MR. BLOCK: Objection, Your Honor, I don't understand his—May we approach the bench?

"THE COURT: Objection is overruled, sir. You may make a record on it later, but it's, I think, fair innuendo.

"Proceed.

"MR. JOHNSON: Mr. Shepard, probably being more experienced in these things, keeps the more valuable articles such as watches, clock radio, things that can be disposed of for money. It would be very difficult to get any money out of a sweater, or purse or something like that. You might get just a few pennies, or a dollar or something. What are you going to do with articles like this, except for the clock itself, and Mr. Rhodes keeps those— he's allowed to keep those, which he gives to his wife, lets her have some of those articles. Can use them that way.

"MR. BLOCK: Objection, Your Honor. Nothing on the record—I believe counsel had better slow down here. He's getting in testimony not on the record, clock radio; giving things to a wife.

"THE COURT: Objection is sustained.

"MR. BLOCK: What he is doing is he's relating stuff that the police officers have told him now.

"THE COURT: The objection sustained to the extent the jury realizes that it's to consider only the evidence that's in the record. Please confine your remarks to the evidence, Counsel."

The minutes reflect that Block did preserve his record in that after the jury retired we find the following in the minutes:

"Counsel for the defendant moves for a mistrial on the grounds that the statement of the County Attorney, during his closing arguments, wherein he stated that the defendant John Shepard's being more experienced in such matters, than the witness Richard Howard Rhodes, took the watches and the clock radio, which could be more easily disposed of, and bring more money. That counsel objected when the County Attorney began to make this statement and then the Court made a comment, and the County Attorney went on and completed his statement. This statement, together with the comment of the Court, is highly prejudicial and places the reputation of the defendant in issue, when the defendant had not taken the stand and had not in any manner placed his character in issue during this trial.

"It is Ordered denying defendant's motion for a mistrial."

 The remarks made by the County Attorney are of a dangerous and unnecessary nature. In view of the entire record we find an absence of prejudicial error. That portion of the ruling of the court which makes reference to the "fair innuendo" is a matter which causes us some concern.

Section 27 of Article 6 of the Arizona Constitution, A.R.S., cautions that:

"Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law."

The Arizona Supreme Court in the case of State v. Tuttle, 58 Ariz. 116, 118 P.2d 88 (1941) quotes from an earlier Arizona case as follows:

" * * * In the case at bar the remarks objected to were addressed to the coun-

sel, and we do not think the provision of the Constitution quoted was intended to prevent judges from giving counsel the reasons for their rulings upon questions concerning the admission or rejection of testimony. We do not, however, wish to be understood as holding that a judge, under this provision, is at liberty in addressing counsel to comment upon the facts in the presence of the jury in a way calculated to influence their verdict. Yet it is manifest from the language of the provision that its primary object was to prevent comments on the facts in giving instructions by which the jury are to be guided, and at a time when such comments would be likely to affect their minds. Strictly speaking, we do not think the remarks quoted really amount to a comment upon the facts. * * *"

In 1954 the Arizona Supreme Court in the case of State v. Childress, 78 Ariz. 1, 274 P.2d 333, 46 A.L.R.2d 1169, stated on page 7 of the Arizona Reports, 274 P.2d on page 337:

" * * * the constitutional provision * * * that the trial judge shall not comment upon the evidence, means no more than that the trial judge is prohibited from action or words having the effect of *conveying to the jury the trial judge's personal opinion as to the truth or falsity of any evidence*." (Emphasis supplied.)

The choice of the words "fair innuendo" was an unfortunate choice, almost a critical choice. However, these words do not have the far reaching import we find in the language used by the trial court in relation to the case of State v. Smith, 62 Ariz. 145, 155 P.2d 622 (1945) and in Smith the Supreme Court did not grant a new trial.

The overall examination of the record in this case does not reflect a record which is

---

without problems. There are few records that are without some problems. The sum total of the problems presented in this case are not sufficient to persuade us that the rights of the defendant were prejudiced in the trial.

The judgment of guilt and sentence are affirmed.

CAMERON and DONOFRIO, JJ., concurring.

