430 P.2d 718

**STATE of Arizona, Appellee,**

**v.**

**Willard ARMSTRONG, Appellant.**

**No. 1 CA–CR 107.**

Court of Appeals of Arizona.

July 31, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Willard Armstrong, in pro. per.

STEVENS, Judge.

The defendant brings this appeal in propria persona from a conviction of burglary, first degree.

The defendant was convicted by a jury of burglarizing the office of a truck rental company located on West Grant in Phoenix, Arizona, during the nighttime hours on 7 November and 8 November 1965.

The defendant raises three questions on appeal:

1. Was the evidence presented sufficient to support the verdict?

2. Should a new trial have been granted because a witness for the prosecution refused to testify, claiming the protection of the 5th Amendment after being called to the witness stand?

3. Did the court err in instructing the jury as to first degree burglary only?

The evidence established the following facts: The truck rental company was locked on Saturday afternoon 6 November 1965, at approximately 1:30 p.m. 7 November 1965, at approximtaely 11:55 p. m., a City of Phoenix policeman testified that he answered a call for a possible burglary. He and another policeman went to the rear of the truck rental company at 16th and Grant together. The policemen testified that as they approached the trucking company property in their patrol car they saw three males bending over a large tool box that was sitting at the mouth of the alley adjacent to the property. The tool box, containing tools, was identified at the trial by the owner of the trucking company as his. One officer apprehended one of the men, a Donald Thomas, while the other officer gave chase to the other two men, but was unable to catch them. The officers returned to the trucking company premises, and called other policemen who made an investigation, including dusting the premises for fingerprints. One of the defendant's fingerprints was found on a small filing box for 3x5 filing cards. The owner of the

trucking firm testified that the filing box was located on a desk, which was not in an area of the office into which the general public was admitted. He stated that only he, his brother, and his wife had access to this area.

The appellate court is required to view the evidence in the light most favorable to the State on an appeal from a conviction. State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965). Viewed in that light we hold that the evidence before the trial court was sufficient to support the verdict and judgment of guilt.

The second question raised by the defendant is whether a new trial should have been granted because the witness Donald Thomas, when called to the witness stand, refused to testify claiming the protection of the 5th Amendment. At the hearing held before the judge out of the presence of the jury it was clearly brought out by the testimony of the witness Donald Thomas that his reason for not wishing to testify was not based upon any question of self-incrimination, but rather was based upon a fear for his life should be testify against the defendant, have his probation revoked at a later date, and find himself incarcerated in the State Prison. The court at that time explained to the witness that he was not entitled to the protection of the 5th Amendment under such circumstances and ordered him to answer the questions put to him by the County Attorney on the witness stand, before the jury, on penalty of being cited in contempt of court if he failed to do so. It was not error under those circumstances for the County Attorney to call this witness.

The defendant next contends that the court should have given an instruction on second degree burglary as well as first degree burglary. We find no error, as the court need not instruct upon issues not dictated by the evidence or requested by counsel. State v. Shepard, 1 Ariz.App. 585, 405 P.2d 895 (1965). The record does not disclose that any request for an instruction on second degree burglary was made by defendant's counsel, nor was such instruction dictated by the evidence.

The judgment and verdict of the trial court is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.